

**George Latimer**
**County Executive**

Department of Law

John M. Nonna
County Attorney

March 3, 2023

**VIA CM/ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:   *Lane v. James et. al.*, No. 22-cv-10989 (KMK) (S.D.N.Y.)
            **Letter Request for Pre-Motion Conference or Waiver of Pre-Motion Conference Requirement**

Dear Judge Karas:

      This office represents Miriam E. Rocah, in her official capacity as District Attorney for the County of Westchester, New York ("DA Rocah"). Pursuant to paragraph II(A) of this Court's Individual Rules of Practice dated February 5, 2020, DA Rocah respectfully requests a pre-motion conference – or, in the alternative, that the requirement for a pre-motion conference be waived – in anticipation of filing a motion to dismiss the complaint of plaintiffs J. Mark Lane and James Sears (collectively, "Plaintiffs") to the degree it is asserted against DA Rocah.

      As set forth in the letter filed by Attorney General Letitia James, sued in her official capacity, and Steven Nigrelli, sued in his official capacity as Acting Superintendent of the New York State Police (collectively "State Defendants"), Plaintiffs are challenging the constitutionality of New York's prohibition of deadly assault weapons under sections 265.00(22)(a)–(f); 265.02(7), 265.10, and 70.02 of its Penal Law. For the reasons set forth below, Plaintiffs' claims must be dismissed.

      **I.**    **Plaintiffs Lack Standing**

      DA Rocah adopts and reiterates the arguments made by the State Defendants with regard to Plaintiffs' lack of standing to assert their claims in this matter, specifically that (a) Plaintiffs do not allege a concrete and particularized invasion of a legally protected interest because they are not licensed to own a semiautomatic rifle; (b) Plaintiffs fail to allege a credible threat of prosecution by DA Rocah; and (c) Plaintiffs fail to show causation between their alleged injuries and conduct by DA Rocah.

      To meet the threshold for standing in federal court, plaintiffs must (1) have suffered an injury-in-fact, defined as a "concrete and particularized" invasion of a legally protected interest;

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601    Telephone: 914-995-2660    Fax: 914- 995-3132



(2) show a causal connection between the injury and conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In the instant matter, Plaintiffs have not alleged facts sufficient to meet these threshold requirements for standing.

### a. Plaintiffs fail to allege a concrete and particularized invasion of a legally protected interest

Pursuant to Section 265.65 of the New York Penal Law, "a person is guilty of criminal purchase of a semiautomatic rifle when he or she purchases or takes possession of a semiautomatic rifle and does not possess a license to purchase or take possession of a semiautomatic rifle." Because it would be illegal for Plaintiffs to own or purchase such rifles without licenses, and because they have not alleged that they currently hold or have applied for said licenses,[1] plaintiffs do not currently have a *legally protected* interest in owning the semiautomatic rifles that they allegedly desire to purchase, even if those weapons were not banned under the current iteration of New York's Penal Law.

Furthermore, Plaintiffs' alleged intent to own semiautomatic rifles which they are not currently licensed to possess amounts to a "some-day" intention, because they cannot currently obtain such weapons. While an allegation of an intent to violate existing law is required to satisfy standing requirements, "some-day" intentions are not sufficiently concrete to establish standing. *See Lujan*, 504 U.S. at 564; *Frey v. Bruen,* 2022 WL 522478 at *5 (S.D.N.Y. Feb. 22, 2022); *Antonyuk v. Bruen*, 2022 U.S. Dist. LEXIS 157874 at *48-51 (N.D.N.Y Aug. 31, 2022).

### b. Plaintiffs fail to allege a credible threat of prosecution by DA Rocah

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Where a plaintiff asserts a "preenforcement challenge," allegations of "future injury will be sufficient only if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Does v. Suffolk Cty*, 2022 U.S. App. LEXIS 19094 at *6 (2d Cir. July 12, 2022) (citing *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021)). Courts in the Second Circuit have previously dismissed claims for lack of standing where plaintiffs failed to properly assert that they have been prosecuted or threatened with prosecution. *Frey*, 2022 WL 522478 at *5; *Antoniuk*, 2022 U.S. Dist. LEXIS 157874 at **51-52; *See also Does v. Suffolk Cty*, 2022 U.S. App. LEXIS 19094 at **6-7 (plaintiffs failed to meet standing threshold, even where police had issued letters ordering surrender of firearms). Plaintiffs in this action have failed to assert any prosecution or realistic threat of prosecution by DA Rocah.

### c. Plaintiffs fail to show causation between their alleged injuries and conduct by DA Rocah

On the face of their allegations, Plaintiffs cannot establish a causal link between the alleged unconstitutionality of New York's prohibition of assault weapons and any action taken thus far by DA Rocah. Specifically, DA Rocah did not participate in the creation of the challenged legislation, and is merely charged with "conduct[ing] all prosecutions for crimes and offenses cognizable by

---

[1] As State Defendants have previously asserted, it also does not appear from Master Pistol Permit Database of the New York State Police that either Plaintiff currently holds a Pistol Permit license.

the courts of the county for which he or she shall have been elected or appointed." *See NY County Law § 700*. Thus, if there is no impending risk of prosecution by DA Rocah, causation of Plaintiffs' alleged injuries by DA Rocah cannot be established.

      We thank the Court for its attention to this matter and consideration of our request.

Respectfully submitted,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: _____
Phoenix Marino
Assistant County Attorney, of Counsel
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-5103
pqmr@westchestergov.com

PM/

CC:    Nicolas J. Rotsko, Esq. (*via CM/ECF*)
         PHILLIPS LYTLE, LLP
         *Counsel for Plaintiffs*
         One Canalside
         125 Main Street
         Buffalo, New York 14203-2887
         nrotsko@phillipslytle.com

         Suzanna Publicker Mettham, Esq. (*via CM/ECF*)
         Office of the New York Attorney General
         *Counsel for State Defendants*
         28 Liberty Street
         New York, New York 10005
         Suzanna.Mettham@ag.ny.gov