

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6295

March 3, 2023

**VIA ECF**
Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Lane, et al., v. James, et al.,* 22 Civ. 10989 (KMK)

Dear Judge Karas:

This Office represents Attorney General Letitia James ("AG James"), sued in her official capacity, and Steven Nigrelli, sued in his official capacity as Acting Superintendent of the New York State Police ("NYSP") (collectively "State Defendants"). We write in accordance with Your Honor's Individual Practice Rules to outline the arguments that State Defendants intend to raise in their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and to request a pre-motion conference.

In this action, Plaintiffs—two individuals who desire to keep and bear assault weapons—bring a facial Second Amendment challenge to New York Penal Law sections 265.00(22)(a)–(f); 265.02(7), 265.10, and 70.02, New York's legislation prohibiting deadly assault weapons like those used in the Parkland, Buffalo, and Uvalde massacres. Although the Statute has been upheld by the Second Circuit, *see N.Y.S. Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242 (2d Cir. 2015), Plaintiffs argue that the Supreme Court's recent decision in *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2022), now entitles them to broad declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiffs, however, lack standing to pursue this claim. In addition, AG James is not a proper party to this suit.

**I.      Plaintiffs Lack Standing**

Standing is "the threshold question in every federal case." *Warth v. Sedin*, 422 U.S. 490, 498 (1975). In order to have standing in federal court, a plaintiff must show (1) injury in fact, which is a "concrete and particularized" harm to a "legally protected interest;" (2) causation in the form of a "fairly traceable" connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be

1

remedied by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs fail to meet each of the three requirements for standing.

### A. Plaintiffs Have Not Suffered Injury in Fact

Justiciable injury for purposes of Article III must be "real and immediate" and not purely speculative and abstract. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). A credible threat of prosecution cannot rest on fears that are imaginary or speculative. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Plaintiffs here fail to set forth allegations of a non-hypothetical, imminent injury sufficient to support a pre-enforcement challenge to New York Penal Law sections 265.00(22)(a)–(f); 265.02(7), 265.10, and 70.02. *See Babbitt*, 442 U.S. at 298; *Sibley v. Watches*, 501 F.Supp. 3d 210, 222 (W.D.N.Y. 2020). As such, Plaintiffs' threat of imminent injury is entirely speculative and insufficient to confer standing.

Plaintiffs lack standing to challenge the statutes as they have not pleaded that they currently hold—or have even applied for—a valid license to own a semiautomatic rifle in New York State.[1] It is also State Defendants' understanding, based upon the firearm registration records maintained by NYSP, that Plaintiffs are not so licensed. *Cf.* N.Y. Penal Law § 265.65 (misdemeanor when someone "purchases or takes possession of a semiautomatic rifle and does not possess a license. . ."). Plaintiffs do not challenge the constitutionality of the licensing requirement; nor could they, as it is "beyond dispute" that "certain state [] licensing regimes are constitutionally permissible."[2] *Giambalvo v. Suffolk County*, No. 22-4778, 2023 WL 2050803 (E.D.N.Y. Feb. 14, 2023); *accord Bruen*, 142 S.Ct. at 2138 n.9 ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of . . . licensing regimes under which a general desire for self-defense is sufficient to obtain a permit." (cleaned up)). The lack of a valid license is a separate and complete barrier to Plaintiffs lawfully obtaining a semiautomatic rifle.

Additionally, Plaintiffs do not allege a credible threat of prosecution by State Defendants. Neither plaintiff alleges that the challenged statute has ever been enforced against him in the past, or that he has ever been threatened with prosecution. In the absence of such allegations, Plaintiffs are essentially asking the Court to issue an advisory opinion. *See Does v. Suffolk Cty.*, 2022 U.S. App. Lexis 19094, at *6 (2d Cir. July 12, 2022) (summary order) (affirming this Court's finding of no standing even where plaintiffs had received letters from police ordering surrender of their firearms); *Frey v. Bruen*, 2022 WL 522478, at *5 (S.D.N.Y. Feb. 22, 2022) (no standing for plaintiffs challenging firearm law when plaintiffs did not allege "any facts showing that they have been prosecuted in the past or have been threatened with enforcement").[3]

---

[1] Given that Plaintiffs have only alleged a desire to acquire a semiautomatic rifle, they have no standing to challenge the ban on semiautomatic or revolving cylinder shotguns, semiautomatic pistols, or assault weapons that fall within the grandfather provisions of the Statute. *See* Penal Law § 265.00(22)(b)–(f).

[2] In addition, any such challenge would not be ripe until Plaintiffs had submitted a semiautomatic rifle application and been denied, as the plaintiffs in the *Bruen* case had. *See United States v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012) (where plaintiff "failed to apply for a gun license in New York, he lacks standing to challenge the licensing laws of the state.").

[3] Plaintiffs' suit is not constitutionally ripe for the same reasons, which also requires dismissal. *See, e.g.*, *Young Advocs. for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 238 (E.D.N.Y. 2019).

### B. AG James Did Not Cause the Alleged Injuries

To establish causation for standing purposes, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560-61. Even assuming Plaintiffs could establish injury-in-fact, Plaintiffs still fail to link their alleged injuries to any conduct by AG James.

To the extent Plaintiffs point to the fact that AG James is "responsible for executing and enforcing New York's laws and regulations governing the possession of firearms," Compl. at ¶ 10, and, therefore, their injury is "fairly traceable" to AG James, those claims fail. Courts have expressly held that the Attorney General is not a proper party to actions, like this one, challenging New York's firearms laws. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2021), *cert. denied*, 141 S.Ct. 2797 (2021), *abrogated in part on other grounds by Bruen*, 142 S.Ct. at 2127 n.4. Likewise, assuming *arguendo*—but not admitting—that Plaintiffs suffered injury by virtue of the absence of an option to purchase assault weapons without a license, that injury would also not be "fairly traceable" to AG James. *Id* at 122.

### C. AG James Cannot Provide the Requested Relief

To successfully show redressability, there must exist a non-speculative likelihood that the injury can be remedied by the relief requested. *Lujan*, 504 U.S. at 560-61. Even assuming, for the sake of argument, that this was an injury to a "legally protected interest," *Lujan*, 504 U.S. at 556, the unavailability of a specific manner of carrying a sub-category of weapon was not caused by, and is not redressable by, AG James. In addition, Plaintiffs' proposed relief would not actually redress their harm because, as noted above, Plaintiffs are not licensed to purchase semiautomatic rifles in any event.

## II.     AG James Is Not a Proper Party to This Action

Here, for the reasons stated above, Plaintiffs fail to plead facts showing AG James had any connection with an alleged violation of federal law. For similar reasons as stated above, Eleventh Amendment immunity precludes suit against AG James, who has been named in her official capacity. *Ex parte Young*, 209 U.S. 123, 157 (1908), is inapplicable because Plaintiffs have not alleged, as they must, that AG James "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all Plaintiffs have alleged. Accordingly, Plaintiffs' claims against AG James are subject to dismissal.

We thank the Court for its attention to this matter.

Respectfully submitted,

 */s/ Suzanna Publicker Mettham*
Suzanna Publicker Mettham
Section Chief
Suzanna.Mettham@ag.ny.gov

cc:     Counsel for all Parties via ECF