

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

March 15, 2023

**VIA ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

   Re: <u>Lane, et al., v. James, et al.,</u> 22 Civ. 10989 (KMK)

Dear Judge Karas:

  This Office represents Attorney General Letitia James ("AG James"), sued in her official capacity, and Steven Nigrelli, sued in his official capacity as Acting Superintendent of the New York State Police ("Superintendent") (collectively "State Defendants"). On March 10, 2023, Plaintiffs J. Mark Lane and James Sears ("Plaintiffs") filed a response (ECF No. 22, "Pl. Opp.") to the pre-motion conference letters of State Defendants and defendant Miriam Rocah, which outlined their anticipated motions to dismiss the Complaint. Plaintiffs concurrently requested a pre-motion conference regarding their intent to move for summary judgment. Plaintiffs maintain that, because "[t]his case turns on pure questions of law" under *N. Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), they are somehow entitled to a permanent injunction before any discovery has been conducted, and before State Defendants have even filed a responsive pleading. The Court should reject Plaintiffs' attempt to skip over the normal litigation and discovery process by seeking a permanent injunction based solely upon their allegations in the Complaint.

**A. Because Defendants Are Moving to Dismiss the Complaint for Lack of Jurisdiction, the Court Should Reject Plaintiffs' Request to Reach the Merits First**

  State Defendants intend to request a briefing schedule at the April 14 conference concerning their motion to dismiss the Complaint for lack of standing. It is thus inappropriate for Plaintiffs to move for summary judgment before State Defendants' motion has even been briefed, let alone decided by the Court. Plaintiffs expressly concede that their claims against AG James are meritless, and ask to either "amend the Complaint to remove AG James, or simply not oppose her

1

motion to dismiss." Pl. Opp. at 2. Plaintiffs also lack standing to proceed against the Superintendent because, as noted in State Defendants' March 3 letter, Plaintiffs do not have a valid license to possess any firearms, and Plaintiffs also fail to allege any concrete and imminent injury-in-fact traceable to the Superintendent. *See also Frey v. Nigrelli, et al.*, No. 21-cv-5334 (NSR), 2023 WL 2473375, at *11 (S.D.N.Y. Mar. 13, 2023) (plaintiffs' "some day" intention to violate open carry ban, without description of concrete plans, does not support finding of actual or imminent injury).

Because State Defendants are moving to dismiss the Complaint under Rule 12(b)(1) for lack of federal subject-matter jurisdiction, the Court should reject Plaintiffs' request to reach the merits before determining whether jurisdiction even exists. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("without proper jurisdiction, a court cannot proceed at all"); *Viracon, Inc. v. J & L Curtain Wall LLC*, 2013 WL 269006, at *1 (D. Minn. Jan. 24, 2013) (summary judgment motion filed during pendency of motion to dismiss was improper because "if the Court determines that it lacks jurisdiction…this action will be dismissed and briefing on summary judgment will have been a fruitless exercise"). Accordingly, State Defendants' anticipated motion to dismiss on standing grounds should be fully briefed and decided first. *See Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188-89 (S.D.N.Y. 2014) ("in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had") (quoting Fed. R. Civ. P. 56 Advisory Committee Note).

**B.     If the Court Finds Subject-Matter Jurisdiction, This Case Should Proceed Through the Ordinary Discovery Process After State Defendants Answer the Complaint**

In the event that State Defendants' motion to dismiss is denied, this case should proceed through the ordinary discovery process after State Defendants answer the Complaint. It is well-settled that summary judgment may be granted before discovery has begun "'[o]nly in the rarest of cases' because '[t]he nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment.'" *Great Wall de Venez. C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 492-93 (S.D.N.Y. 2015) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)); *see also Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (reversing summary judgment where "there has been no discovery as yet in this action"); *Spanierman Gallery, PSP v. Love*, 320 F. Supp. 2d 108, 112 (S.D.N.Y. 2004) ("[I]t is this Court's general practice to decline to entertain a summary judgment motion until after discovery."); *Rigodon v. Deutsche Bank Securities*, No. 04-cv-2548 (GEL), 2004 WL 2471859, at *3 (S.D.N.Y. Nov. 1, 2004) ("Parties seeking summary judgment before discovery has been completed - or, as in this case, even begun - face a very heavy burden.").

Plaintiffs do not come close to satisfying their "very heavy burden" of demonstrating that this is the "rarest of cases" warranting summary judgment before discovery has even begun. Instead, their letter indicates that they simply intend to short-circuit the litigation process and throw the burden onto Defendants, without ever allowing for discovery into the basis of Plaintiffs' alleged facts. *See* Pl. Opp. at 5 (Plaintiffs' summary judgment motion will argue that Defendants "cannot meet [their] burden" to show that the regulation "is consistent with the Nation's historical tradition of firearm regulation").

Indeed, State Defendants deserve a full and fair opportunity to "discover information that is essential to [their] opposition" before the Court can conduct the *Bruen* analysis. *Great Wall de Venez.*, 117 F. Supp. 3d at 492. This includes permitting Defendants to depose each Plaintiff, to review Plaintiffs' Rule 26 disclosures and any expert reports, and to depose Plaintiffs' experts and to produce experts of their own. It is only after such discovery has been completed that this case could be properly resolved by summary judgment.

Accordingly, State Defendants request that the Court set a briefing schedule to determine the motion to dismiss for lack of subject matter jurisdiction, and that the Court deny Plaintiffs' request to file a summary judgment motion as premature. State Defendants respectfully reserve all rights under Federal Rule of Civil Procedure 56(d). In the event that Plaintiffs proceed with a motion for summary judgment at this early stage, State Defendants will demonstrate by affidavit or declaration why Plaintiffs' alleged facts must be tested in discovery.

State Defendants thank the Court for its consideration of this request.

Respectfully submitted,

*/s/*
Yuval Rubinstein
Special Litigation Counsel
yuval.rubinstein@ag.ny.gov

cc:     Counsel for all Parties via ECF