

**George Latimer**
**County Executive**

Department of Law

John M. Nonna
County Attorney

March 15, 2023

**VIA CM/ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

    Re:    *Lane v. James et. al.*, No. 22-cv-10989 (KMK) (S.D.N.Y.)
           DA Rocah's Opposition to Plaintiffs' Request to Cross-Move for Summary Judgment

Dear Judge Karas:

    This office represents Miriam E. Rocah, in her official capacity as District Attorney for the County of Westchester, New York ("DA Rocah"). In response to Plaintiffs' letter dated March 10, 2023, we write to oppose their request to cross-move for summary judgment for the following reasons: (1) the Court does not have subject matter jurisdiction over the case because Plaintiffs lack standing; and (2) motions for summary judgment are inappropriate, premature and highly disfavored in the Second Circuit where the non-movants have not yet had an opportunity to file pleadings or conduct discovery.

    **I.**    **Court Lacks Subject Matter Jurisdiction**

    As set forth in our letter dated March 3, 2023 (Doc. 20), Plaintiffs in this matter lack standing to challenge the constitutionality of New York's prohibition of deadly assault weapons because they have failed to (1) allege a concrete and particularized invasion of a legally protected interest; (2) allege a credible threat of prosecution by DA Rocah; or (3) show causation between their alleged injuries and conduct by DA Rocah. *See* DA Rocah's Opposition ("DA Opp.") at 2-3; *See also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Frey v. Bruen*, 2022 WL 522478 at *5 (S.D.N.Y. Feb. 22, 2022). Without standing, a court has no subject matter jurisdiction over the case. *See Humphrey v. Syracuse Police Dep't*, 758 Fed. Appx. 205, 206-07 (2d Cir. 2019); *Carter v. HealthPort Techs.*, 822 F.3d 47, 54 (2d Cir. 2016).



II.     **Summary Judgment is Premature**

In the Second Circuit, courts "routinely deny or defer motions for summary judgment when the non-movant has not had an opportunity to conduct discovery" and such motions are strongly disfavored. *Walden v. Sanitation Salvage Corp.*, 14-cv-7759 (ER), 2015 U.S. Dist. LEXIS 40280 at *14 (S.D.N.Y. Mar. 30, 2015); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003); *Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*, 271 F.3d 374, 386 (2d Cir. 2001). This is undoubtedly true where discovery will elucidate issues of fact relating to the allegations set forth by the plaintiffs. *See ACIM NY, LLC v. Nissan North America, Inc.*, 17-cv-729 (LGS), 2019 U.S. Dist. LEXIS 30456 at *27 (S.D.N.Y. Feb. 26, 2019); *See also Bank of N.Y. Mellon Trust Co., N.A. v. Telos CLO 1006-1 Ltd.*, 16-cv-8963 (RWS), 274 F. Supp. 3d 191, 215 (S.D.N.Y. Aug. 7, 2017). Plaintiffs' allegations regarding standing and alleged violations of their Second Amendment rights are vague and illusory, and discovery is needed to determine the basis for their claims. *See* Complaint at ¶ 39, 40. As discovery in this case has not even commenced, Plaintiff's request to move for summary judgment is premature and should be denied.

We thank the Court for its attention to our opposition and respectfully request the opportunity to further discuss our contentions at the Court's conference scheduled for April 14, 2023 at 10:30 a.m.

                                                Respectfully submitted,

                                                **JOHN M. NONNA**
                                                Westchester County Attorney
                                                *Attorney for County Defendants*

By: _____
       Phoenix Marino
       Assistant County Attorney, of Counsel
       Michaelian Office Building
       148 Martine Avenue, Room 600
       White Plains, NY 10601
       (914) 995-5103
       pqmr@westchestergov.com

CC:     Nicolas J. Rotsko, Esq. (*via CM/ECF*)
        PHILLIPS LYTLE, LLP
        *Counsel for Plaintiffs*
        One Canalside
        125 Main Street
        Buffalo, New York 14203-2887
        nrotsko@phillipslytle.com

Suzanna Publicker Mettham, Esq. (*via CM/ECF*)
Office of the New York Attorney General
*Counsel for State Defendants*
28 Liberty Street
New York, New York 10005
Suzanna.Mettham@ag.ny.gov

> Given the jurisdictional challenge raised in the letters before the Court, the Court will vacate the upcoming pre-motion conference scheduled for April 14, 2023 and will set a briefing schedule on the limited issue of jurisdiction.  Defendants' motion to dismiss is due by no later than April 20, 2023.  Plaintiffs shall file a response by no later than May 22, 2023.  Defendant shall file a reply by no later than June 5, 2023.  The Court will hold in abeyance the requested summary judgment motion until resolution of the jurisdictional questions.
>
> SO ORDERED
>
> /s/ KENNETH M. KARAS U.S.D.J.
>
> March 20, 2023