UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

J. MARK LANE and JAMES SEARS,

                  Plaintiffs,

   - against -

LETITIA JAMES, in her official capacity as Attorney General of the State of New York, STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, and MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York,

                  Defendants.

-------------------------------------------------------------------x

22 Civ. 10989 (KMK)

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT DISTRICT ATTORNEY MIRIAM E. ROCAH'S MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT .............................................................................................. 1
BACKGROUND ....................................................................................................................... 1
STANDARDS OF REVIEW ..................................................................................................... 2
ARGUMENT ............................................................................................................................. 3
  I. THE COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE
     THIS MATTER ................................................................................................................ 3
    A. Plaintiffs' Right to Bear Arms is Not Impacted by the Law ................................... 4
    B. Plaintiffs have Failed to Allege a Credible Threat of Prosecution by D.A.
       Rocah ......................................................................................................................... 5
  II. AMENDMENT OF THE COMPLAINT WOULD BE FUTILE ................................... 8
CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

Adam v. Barr,
   792 Fed. Appx. 20 (2d. Cir. 2019) *cert. denied* 140 S. Ct. 1119 (2020) ........................6, 7

Babbit v. UFW Nat'l Union,
   442 U.S. 289 (1979)...................................................................................................3

Cayuga Nation v. Tanner,
   824 F.3d 321 (2d Cir. 2016) ......................................................................................6

Hedges v. Obama,
   724 F.3d 170 (2d Cir. 2013) ......................................................................................6

Knife Rights, Inc. v. Vance,
   802 F.3d 377 (2d Cir. 2015) ..................................................................................6, 7

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992)................................................................................................4, 6

Makarova v. United States,
   201 F.3d 110 (2d Cir. 2000) ..................................................................................2, 3

Norton v. Larney,
   266 U.S. 511 (1925)...................................................................................................2

NY State Rifle & Pistol Assn. v Bruen,
   142 S. Ct. 2111 (2022)...............................................................................................5

Payton v. New York,
   445 U.S. 573 (1980)...................................................................................................7

People v. De Bour,
   40 N.Y.2d 210 (1976)................................................................................................7

Picard v. Magliano,
   42 F.4th 89 (2d Cir. 2022) .........................................................................................6

Renne v. Geary,
   501 U.S. 312 (1991)...................................................................................................2

Robinson v. Overseas Mil. Sales Corp.,
   21 F.3d 502 (2d Cir. 1994) ........................................................................................2

Sheuer v. Rhodes,
   416 U.S. 232 (1974)...................................................................................................2

Shipping Fin. Servs. Corp. v. Drakos,
   140 F.3 129 (2d Cir. 1998) ...................................................................................................2

Shuttlesworth v. Birmingham,
   394 U.S. 147 (1969) ..............................................................................................................5

Siegel v. Ford,
   No. 16-CV-8077 (JPO), 2017 U.S. Dist. LEXIS 150147 (S.D.N.Y. Sep. 15, 2017) ........3

Susan B. Anthony List v. Driehaus,
   573 U.S. 149 (2014) ........................................................................................................3, 6

United States v. Cambio, S.A.,
   166 F.3d 522 (2d Cir. 1999) ................................................................................................3

United States v. Vazquez,
   145 F.3d 74 (2d Cir. 1998) ..................................................................................................3

**STATUTES**

New York State Penal Law § 265.00(22) ..........................................................................2, 4

New York State Penal Law § 400.00 .................................................................................4, 5

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ..........................................................................2, 3

Federal Rules of Civil Procedure 12(h)(3) ............................................................................8

**CONSTITUTIONAL PROVISIONS**

U.S. Const., art. III § 2 ...........................................................................................................3

## PRELIMINARY STATEMENT

Defendant MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York, by her attorney John M. Nonna, Westchester County Attorney, respectfully submits this Memorandum of Law in support of her Motion to Dismiss the Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("F.R.C.P").

Plaintiffs seek a declaratory judgment and order enjoining District Attorney Rocah ("D.A. Rocah") from enforcing New York State's prohibition of deadly assault weapons under New York State Penal Law ("P.L.") §§ 265.00(22), 265.02(7), 265.10, and 70.02 ("The Law"). (Complaint dated and filed on Dec. 30, 2022, U.S. District Court for the Southern District of New York, 22. Civ. 6159 (KMK), ECF Docket No. 1 ("Complt."), annexed to the declaration of MaryBeth Allen-Knecht and Gianfranco Arlia dated May 3, 2023, as Exhibit A, at 65). Plaintiffs allege that the enactment and enforcement of the Law deprives them, as New York State residents, of their fundamental right to keep and bear arms, specifically semiautomatic rifles, defined as "Assault Weapons." As such, Plaintiffs have refrained from purchasing Assault Weapons for fear of arrest, confiscation, prosecution, fine, and imprisonment. (Complt., ECF No. 1, at ¶¶ 39 and 40).

D.A. Rocah respectfully submits that the Complaint should be dismissed in its entirety, because Plaintiffs lack standing thereby depriving this Court of subject matter jurisdiction to adjudicate these claims. Additionally, this Complaint should be dismissed against D.A. Rocah with prejudice because any amendment would be futile due to the lack of standing.

## BACKGROUND

Plaintiffs Lane and Sears are adults over the age of 21 and residents of Westchester County, New York, who wish to purchase and possess firearms that are defined as assault weapons. (P.L.

§ 265.00(22); (Complt., ECF No. 1 at ¶¶ 8 and 9). Plaintiff Lane wishes to purchase a model "Springfield Armory Saint rife." (Complt., ECF No. 1 at ¶39). The Complaint describes this weapon as an "AR-15 style rifle that is capable of accepting a detachable magazine, with a telescoping stock, pistol grip, and muzzle device." (Id.) Similarly, Plaintiff Sears wishes to purchase a model "LMT MARS-L 5.56 rife," which is described as an "AR-15 Style rifle capable of accepting a detachable magazine, with a telescoping stock, pistol grip, and muzzle device." (Id. at ¶40). Both Plaintiffs allege that they desire to own and possess these firearms for the defense of their homes and target shooting. (Complt., ECF No. 1 at ¶¶ 39 and 40). Plaintiffs allege that they would have purchased their respective weapons but for the Law and fear of arrest, confiscation, prosecution, fine, and imprisonment. (Id.)

## STANDARDS OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a plaintiff carries the burden of establishing that the Court has subject matter jurisdiction to adjudicate his complaint. See Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). Courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." Renne v. Geary, 501 U.S. 312, 316 (1991) (citations omitted). When a district court lacks the statutory or constitutional authority to adjudicate a claim, that claim should be dismissed. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Although a court must "accept as true all material factual allegations in the complaint," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3 129, 131 (2d Cir. 1998) (citing Sheuer v. Rhodes, 416 U.S. 232, 236 (1974)), for purposes of assessing jurisdiction, it also must refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  In ruling on a motion to dismiss for lack of subject matter jurisdiction

2

pursuant to Rule 12(b)(1), a court may consider evidence outside of the pleadings. Makarova, 201 F.3d at 113; United States v. Vazquez, 145 F.3d 74, 80 (2d Cir. 1998).

If plaintiff fails to sufficiently allege facts that affirmatively and plausibly suggest that [Plaintiff] has standing to sue" the motion should be granted. Siegel v. Ford, No. 16-CV-8077 (JPO), 2017 U.S. Dist. LEXIS 150147, at *5-7 (S.D.N.Y. Sep. 15, 2017) (citations and internal quotation marks omitted). "[A] plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." Id. "[T]he litigant [must] prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Id.

## ARGUMENT

For the reasons set forth below, the Court should dismiss the Complaint against D.A. Rocah with prejudice.  Plaintiffs do not have standing to pursue this action.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE THIS MATTER

Plaintiffs have not established or alleged any facts to demonstrate that they have sustained an injury in fact or there is a real credible threat of enforcement.  The Constitution requires Plaintiffs to have suffered an injury in fact before a case can be heard before the Court.  U.S. Const., art. III § 2; see also United States v. Cambio, S.A., 166 F.3d 522, 526 (2d Cir. 1999).  In order to establish standing, Plaintiffs are required to show (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest" (2) that their "intended future conduct is 'arguably proscribed by [the] statute'"; and (3) "there exists a credible threat of prosecution thereunder." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159-162 (2014)(quoting Babbit v. UFW Nat'l Union, 442 U.S. 289, 298 (1979)).  Here, Plaintiffs state that they wish to purchase

3

assault weapons but refrain from doing so out of fear of enforcement. This claim is woefully insufficient to establish standing. Therefore, the Complaint must be dismissed with prejudice. There is no dispute that Plaintiffs desire to possess assault rifles would violate The Law, however, as discussed below, that desire alone does not confer standing.

### A. Plaintiffs' Right to Bear Arms is Not Impacted by the Law

As of the filing of this Complaint, Plaintiffs do not have a legally protected interest to possess any firearm, regardless of whether it is a legal handgun or an assault weapon prohibited by the Law, and therefore have no injury in fact to support the Complaint. The Law at issue here, is the New York State prohibition of certain weapons that are defined as assault weapons. P.L. § 265.00(22). Plaintiffs argue they have sustained an injury in fact from The Law because they are prohibited from purchasing and possessing AR-15 style semi-automatic rifles. (Complt., ECF No. 1 at ¶¶ 39 and 40). While Plaintiffs are required to allege an intent to violate the existing law, it must be more than a "some-day" intention. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, Plaintiffs have failed to alleged that they have ever fired a gun or have any experience whatsoever handling a firearm. In fact, the Complaint is completely silent as to whether or not Plaintiffs have a license to own any firearm pursuant to P.L. § 400.00. Instead, Plaintiffs attempt to mislead this Court into believing that the Supreme Court's holding in N.Y.S. State Rifle & Pistol Ass'n v. Bruen, which overturned a specific portion of NYS licensing regime, means that Plaintiffs now have standing to bring the instant suit. (Complt., ECF No. 1 at ¶¶ 4, 47-48, 52). That is simply not the case. The Supreme Court explicitly recognized that the right to bear arms is not limitless, and the only portion of NYS law that was struck down was the requirement placed upon a firearm license applicant to demonstrate good cause for a conceal and carry permit. NY State

Rifle & Pistol Assn. v Bruen, 142 S. Ct. 2111, 2128, 2156 (2022); P.L. §400.00(1)(a)-(n).  The need for a license to own a firearm was strictly upheld.  Id. at n. 9 ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of the . . . shall-issue [licensing] regimes, which often require applicants to undergo a background check or pass a firearms safety course, are designed to ensure only that those bearing arms in the jurisdiction are, in fact, "law-abiding, responsible citizens.") (quoting Shuttlesworth v. Birmingham, 394 U.S. 147, 151 (1969)). Plaintiffs cannot expect this Court to accept that they have a legally protected right to own and manage an AR-15 style rifle, without even a license to carry a legal handgun.

Not only is their ownership of semi-automatic firearms impossible without a permit, but Plaintiffs have failed to demonstrate what if any need they have for such a weapon.  First, there is no allegation that they have ever been subject to a home invasion, were specifically threatened or live in a particularly high crime area that raises the risk of home invasion.  Second, Plaintiffs argue the firearms at issue in this matter have the same firing ability as a semi-automatic pistol, which are not prohibited by the Law.  (Complt., EFC No. 1 at ¶36).  Accordingly, the Law does not in any way prohibit the Plaintiffs' right to bear arms to defend their homes or practice shooting with a legal semi-automatic pistol.

Here, the Law merely limits the types of arms that the Plaintiffs may bear.  As such, Plaintiffs have failed to sufficiently allege an invasion of their right to bear arms, and this Complaint should be dismissed.

### B. Plaintiffs have Failed to Allege a Credible Threat of Prosecution by D.A. Rocah

Plaintiffs have failed to establish an injury in fact in order to sustain a pre-enforcement challenge to The Law. Plaintiffs do not plead any facts showing that either is under a credible threat of prosecution. The Second Circuit has made it abundantly clear that a pre-enforcement

challenge to a criminal statute requires the challengers to be under a threat of prosecution that is credible rather than conjectural, theoretical, or remote. A credible threat is not established by 'imaginary or speculative' fears of prosecution," and requires something more concrete. Adam v. Barr, 792 Fed. Appx. 20, 21 (2d. Cir. 2019) *cert. denied* 140 S. Ct. 1119 (2020) (quoting Susan B. Anthony List, 573 U.S. at 158; Lujan 504 U.S. at 560), and Knife Rights, Inc. v. Vance, 802 F.3d 377, 384 (2d Cir. 2015).

> Although "courts are generally 'willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund,'" Cayuga Nation [v. Tanner], 824 F.3d at 331 (quoting Hedges v. Obama, 724 F.3d 170, 197 (2d Cir. 2013)), the mere existence of a law prohibiting intended conduct does not automatically confer Article III standing, see Knife Rights, 802 F.3d at 384 ("The identification of a credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue.").

Id.

Historically, the Court has found an imminent threat of prosecution, where the facts alleged show an overt act by the local municipal actor that affirmatively indicates that he or she will prosecute a specific individual should they engage in the proscribed conduct. For example, in Cayuga Nation, the plaintiffs successfully alleged a credible threat of prosecution not only because their behavior was clearly prohibited by an established ordinance, but also because the town "announced its intention to enforce the Ordinance" against the plaintiffs and warned the plaintiffs that failure to comply might constitute an offense punishable by fine, imprisonment, or both. 824 F.3d at 331. [1]

In Knife Rights, the court found that there was an imminent threat of enforcement for each of the non-organizational plaintiffs as they had previously been "officially charged, paid fines,

---

[1] Picard v. Magliano, 42 F.4th 89, 100 (2d Cir. 2022) ("Indeed, perhaps the most significant piece of evidence in Picard's favor — and what makes Picard's case stand out from other pre-enforcement challenges — is that he has already been arrested for his jury nullification advocacy prior to initiating this lawsuit.").

6

surrendered property in purported violation of law, implemented a prosecution-approved compliance program, and entered into a deferred prosecution agreement that expressly threatened future charges." Knife Rights, 802 F.3d at 385.

Here, the Complaint is completely silent as to what, if any, facts exist to lead this Court to believe that the enforcement of this Law upon these specific individual Plaintiffs is imminent. Instead, Plaintiffs assume that D.A. Rocah will enforce this Law against them.  Assumptions are not a substitute for factual allegations that suggest, as a state actor, D.A. Rocah undertook any affirmative actions (criminal prosecution or other advocacy) in enforcing the Law against either Plaintiff. Never has D.A. Rocah issued any statement directly to Plaintiffs to indicate that should they possess the guns they desire that they specifically will be prosecuted; nor do Plaintiffs allege that they have been arrested for this type of conduct in the past.  Nothing in the Complaint suggests that D.A. Rocah was aware of or knew of Plaintiffs' intent to possess these assault weapons. As such, Plaintiffs' claims amount to mere 'imaginary or speculative' fears of prosecution. Adam v. Barr, 792 Fed. Appx. 20, 21 (2d. Cir. 2019) (internal citations omitted)

Furthermore, should Plaintiffs limit the use of these firearms as they allege, to home protection and target practice, it logically follows that these weapons would remain in their homes or within their personal property.  The extent to which D.A. Rocah could enforce the Law, should she choose to, is strictly limited by the Fourth Amendment.  No District Attorney can direct investigators to enter Plaintiffs' homes without a warrant supported by probable cause. See generally Payton v. New York, 445 U.S. 573 (1980).  Nor can either Plaintiff be searched, or their cars searched without probable cause to believe that criminal activity is afoot.  *See generally* People v. De Bour, 40 N.Y.2d 210 (1976).  Due to the constitutional limitations on D.A. Rocah's

enforcement powers, the threat of prosecution in this matter is far from imminent. Accordingly, this Complaint should be dismissed against D.A. Rocah, in its entirety with prejudice.

## II.  AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

Due to the lack of standing, any amendment to the Complaint should be denied as futile. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if the Court determines that it lacks subject matter jurisdiction, then the Complaint must be dismissed. Here, not only does the court lack subject matter jurisdiction, but there are no facts to allege that would change the remote and insufficient threat of prosecution. As such this Complaint should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, District Attorney Miriam Rocah respectfully requests that this Honorable Court dismiss the Complaint against her, in its entirety with prejudice, and for such other and further relief as this Honorable Court deems just and proper.

Dated: White Plains, New York
       May 3, 2023

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendant*

By: _____
MaryBeth Allen-Knecht
Senior Assistant County Attorney
Office of the Westchester County Attorney
148 Martine Avenue, 6th Floor
White Plains, New York 10601
Tel. No.: (914) 995-4796

By: _____
Gianfranco Arlia
Assistant County Attorney
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, NY 10601
Tel. No.: (914) 995-2696

8

To:    Adam Kraut, Esq. (*via ECF*)
Second Amendment Foundation
*Attorney for Plaintiffs*
12500 N.E Tenth Place
Bellevue, Washington 98005

Cody Wisniewski, Esq. (*via ECF*)
Firearms Policy Coalition
*Attorney for Plaintiffs*
5550 Painted Mirage Road
Las Vegas, Nevada 89149

Nicolas Rotsko, Esq. (*via ECF*)
Phillips Lytle LLP
*Attorney for Plaintiffs*
One Canalside
125 Main Street
Buffalo, New York 14203

Suzanna Publicker Mettham, Esq. (*via ECF*)
James Martin Thompson, Esq. (*via ECF*)
Yuval Rubinstein, Esq. (*via ECF*)
New York State Office of the Attorney General
*Attorneys for Defendants James and Nigrelli*
Litigation Bureau
28 Liberty Street, 15th Floor
New York, New York 10005