UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

J. MARK LANE and JAMES SEARS,

                Plaintiffs,

  - against -

LETITIA JAMES, in her official capacity as Attorney General of the State of New York, STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, and MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York,

                Defendants.

22 Civ. 10989 (KMK)

------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT DISTRICT ATTORNEY MIRIAM E. ROCAH'S
# MOTION TO DISMISS

# TABLE OF AUTHORITIES

**CASES**

Adam v. Barr,
   792 Fed. Appx. 20 (2d. Cir. 2019) *cert. denied* 140 S. Ct. 1119 (2020) ..........................4

Adler v. Penn Credit Corp.,
   2022 U.S. Dist. LEXIS 43518 (S.D.N.Y. Mar 11, 2022) ................................................7

Anderson v. Davis Polk & Wardwell LLP,
   850 F. Supp. 2d 392 (S.D.N.Y. 2012) ..............................................................................7

Arbaugh v. Y&H Corp.,
   546 U.S. 500 (2006)...........................................................................................................7

Babbit v. UFW Nat'l Union,
   442 U.S. 289 (1979)...........................................................................................................5

Bonland v. Bonta,
   2023 U.S. Dist. LEXIS 51031 (C.D. Cal. Mar. 20, 2023)..................................................4

Dearth v. Holder
   641 F.3d 499 (D.C. Cir. 2011).............................................................................................2

District of Columbia v. Heller,
   554 U.S. 570 (2008)...........................................................................................................3

Frey v. Nigrelli,
   2023 U.S. Dist. LEXIS 42067 (S.D.N.Y. Mar. 13, 2023) ..................................................8

Hedges v. Obama,
   724 F.3d 170 (2d Cir. 2013) ...............................................................................................5

IIT, Intl. Inv. Trust v. Cornfeld,
   619 F.2d 909 (2d Cir. 1980) ...............................................................................................7

Jackson v. City and County of San Francisco,
   746 F. 3d 953 (9th Cir. 2014) .............................................................................................4

Jacobson v. Peat, Marwick, Mitchell & Co.,
   445 F. Supp. 518 (S.D.N.Y. 1977) .....................................................................................7

Knife Rights, Inc. v. Vance,
   802 F.3d 377 (2d Cir. 2015) ...........................................................................................4, 5

Lujan v. Defenders of Wildlife,

504 U.S. 555 (1992)...................................................................................................1, 4

Mathie v. Goord,
 267 Fed. Appx. 13, 2008 WL 89648 (2d Cir. 2008)......................................................3

MedImmune, Inc. v. Genentech, Inc.,
 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).................................................2

Mira v. Argus Media,
 2017 WL 1184302 (S.D.N.Y. 2017)...............................................................................3

N.Y. State Rifle & Pistol Ass'n v. Bruen,
 142 S.Ct. 2111 (2022)..................................................................................................2, 3

NY State Rifle & Pistol Assn. v. Cuomo,
 990 F. Supp 2d 349 (W.D.N.Y. 2013).........................................................................5, 6

Picard v. Magliano,
 42 F. 4th 89 (2d Cir. 2022) ..............................................................................................5

Steffel v. Thompson,
 415 US 452 (1974)...........................................................................................................5

Susan B. Anthony List v. Driehaus,
 573 U.S. 149 (2014)....................................................................................................1, 4

Wallace v. New York,
 40 F. Supp 3d 278 (E.D.N.Y. 2014) ................................................................................2

Wright v. Ernst & Young Llp,
 152 F.3d 169 (2d Cir. 1998) ............................................................................................7

**STATUTES**

Penal Law § 265.00(22).............................................................................................................1

Penal Law § 265.02(7)...............................................................................................................1

Penal Law § 265.10 ...................................................................................................................1

Penal Law § 70.02 .....................................................................................................................1

**RULES**

Fed R. Civ. P. 12(b)(1) .........................................................................................................1, 7

Fed. R. Civ. P. 12(h)(3) .............................................................................................................7

**PRELIMINARY STATEMENT**

Defendant District Attorney Miriam Rocah (hereinafter "D.A. Rocah"), by her attorney, John Nonna, Westchester County Attorney, respectively submit this Reply Memorandum of Law in further support of her Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

First, notwithstanding Plaintiffs' conjecture and suppositions, both Plaintiffs have failed to establish injury in fact as a result of the New York State Assault Weapons Ban, codified by Penal Law §§ ("P.L.") §§ 265.00(22), 265.02(7), 265.10, and 70.02. Second, Plaintiffs' cannot bring an action for pre-enforcement injunction because they have failed to articulate a credible threat of prosecution against either of them. Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss (hereinafter, "Plaintiffs' Opposition") is nothing more than a compilation of assumptions, in an attempt to gloss over Plaintiffs' lack of standing to challenge the ban on assault weapons.

## I. PLAINTIFFS HAVE FAILED TO ESTABLISH INJURY IN FACT

It is well-established, in order to establish standing for a pre-enforcement injunction, the Plaintiffs must establish that they intend to engage in conduct with a constitutional interest, which is prohibited by the challenged statute and there exists a credible threat of prosecution against Plaintiffs. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159-162 (2014).

### A. Plaintiffs Intentions are Nothing more than Conjecture of "Some-Day" Intentions

The Complaint and Opposition to the Motion to Dismiss fail to establish that Plaintiffs' intentions are nothing more than some day intentions, that may never come to fruition. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (stating that a plaintiff's intention must be more than a "some-day" intention). Instead, Plaintiffs' opposition is a decoupe of carefully curated

quotations taken out of context to create the perception that this Court can simply assume the assault weapon ban is unconstitutional to confer standing onto Plaintiffs.

First, at the time of this filing, neither Plaintiff was licensed to own a semi-automatic rifle, and therefore even if assault weapons were not banned, they would be prohibited from owning a firearm. See *Infra* II. Second, this assault weapon ban is not a complete ban of all firearms and therefore, does not threaten Plaintiffs' right to bear arms. Plaintiffs ask this Court to assume that this law is unconstitutional in order to confer standing upon them. However, the authority cited by Plaintiffs is inapplicable here. Courts have assumed a challenged statute is unconstitutional when the injury is an obvious burden on a person's constitutional rights or a complete bar to exercise such rights. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 125, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (finding injunctive relief necessary where Plaintiffs established actual financial injury without court intervention); Wallace v. New York, 40 F. Supp 3d 278, 298 (E.D.N.Y. 2014)(assuming a statute was unconstitutional because its application subjected Plaintiffs to homelessness and sub-par living conditions violating their 14th Amendment right to equal protection under the law); Dearth v. Holder 641 F.3d 499, 503 (D.C. Cir. 2011) (finding that the residency requirement of a firearm license statute unconstitutional because he had been twice denied such a license, which acted as a complete bar to his right to bear arms).

Here, the Court cannot simply assume that the assault weapon ban is unconstitutional, because there is no injury to Plaintiffs. The Supreme Court specifically stated that the Second Amendment right to bear arms for self-defense is not without limitation. N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S.Ct. 2111, 2128 (2022) ("We note that, "like most rights, the right secured by the Second Amendment is not unlimited… the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.")(quoting District of

Columbia v. Heller, 554 U.S. 570, 626-27 (2008)). To ignore the possibility that this law may be found to be a reasonable time, manner or place regulation of the right to bear arms, would be to ignore the long history of firearm regulation in the United States.[1] Bruen, 142 S. Ct. at 2139-56 (discussing historical regulations of the right to carry a firearm in public). Accordingly, this Court must assess whether there is any actual injury to the Plaintiffs before making any judgment as to the constitutionality of the challenged statute. Here, Plaintiffs cannot escape the fact they have not been injured by the assault weapon ban. The Plaintiffs, if licensed, are fully capable of bearing arms for their own defense, as long as those particular firearms are permissible.

Plaintiffs attempt to argue that they are financially disadvantaged because there is no market for the assault weapons they desire in New York. First, this injury was not alleged in the Complaint, changes the legal theory in support of the alleged injury and cannot be raised by counsel in the Opposition to the Motion to Dismiss. Mathie v. Goord, 267 Fed. Appx. 13, 14 2008 WL 89648, *1 (2d Cir. 2008) (affirming that a new constitutional challenge that was raised in opposition papers was properly dismissed because it was encompassed by the allegations in the complaint); Mira v. Argus Media, 2017 WL 1184302, at *3 (S.D.N.Y. 2017) (declining consideration of facts alleged in opposition brief because they went beyond the facts alleged in the complaint in support of new legal theories). Second, Plaintiffs are not sellers of firearms nor do they allege to be. Therefore, they are not financially disadvantaged or injured by the limited market. Moreover, this is nothing more than another attempt by Plaintiffs to mislead this Court by carefully selecting facts and quotes from other legal authority to create an illusion that their

---

[1] As per the Court's Order, ECF No. 28, D.A. Rocah has limited these arguments to the jurisdictional defects of the Complaint. D.A. Rocah reserves the right to make further arguments on the merits and constitutionality of the challenged statute should this matter survive the instant motion.

position is in fact supported by sound legal principles. *See generally* Jackson v. City and County of San Francisco, 746 F. 3d 953 (9th Cir. 2014) (finding the limitation on ammunition was a reasonable limitation on the Second Amendment conduct but the challenged statue that required guns to be locked an unloaded to be unconstitutional as an undue burden on the right to bear arms); Bonland v. Bonta, 2023 U.S. Dist. LEXIS 51031 (C.D. Cal. Mar. 20, 2023) (granting Plaintiff's injunction because no handgun available in the world has all three safety features required by the challenged statute and therefore it was a complete ban on the purchase of handguns). Plaintiffs are not losing any financial benefit as a result of this law. Instead, Plaintiffs are restricted from buying what they desire in New York State.

It is abundantly clear that Plaintiffs have relied on conclusory statements and assumption to avoid the fact that they have not been injured. Plaintiffs have not been arrested, denied a license to own a legal firearm, or in any way disadvantaged by the assault weapon ban. As such, Plaintiffs' Complaint must be dismissed for lack of standing.

### B. There is no Credible Threat of Prosecution Against these Plaintiffs

Even if Plaintiffs had demonstrated an injury to their Second Amendment rights, their claims still fail because there is no real credible threat of prosecution. The threat of prosecution needs to be real, and particularized against the Plaintiffs. Lujan, 504 U.S. at 560-61. The mere existence of a law prohibiting intended conduct does not automatically confer Article III standing. Adam v. Barr, 792 Fed. Appx. 20, 21 (2d. Cir. 2019) *cert. denied* 140 S. Ct. 1119 (2020) (quoting Susan B. Anthony List, 573 U.S. at 158; Lujan 504 U.S. at 560), and Knife Rights, Inc. v. Vance, 802 F.3d 377, 384 (2d Cir. 2015) ("The identification of a credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue."). Plaintiffs' claims must amount to more than mere 'imaginary or speculative' fears of

4

prosecution and must be sufficiently imminent to confer standing. Adam, 792 Fed. Appx. at 21 (internal citations omitted); Hedges v. Obama, 724 F.3d 170, 195-96 (2d Cir. 2013). Plaintiffs have failed to distinguish their position from any other New York State resident who someday wishes to own an assault weapon but is prohibited from doing so due to the assault weapon ban.

Again, Plaintiffs opposition avoids addressing the fact that neither Plaintiff is under a particular credible threat of prosecution by D.A. Rocah. Hedges, 724 F.3d at 202 (finding there was no standing because Plaintiffs failed to establish that they were subject to the challenged statute and that there was no evidence that "*the government intends or has threatened*" to enforce the law against Plaintiffs). In fact, the cases Plaintiffs rely on establish that other plaintiffs who have sought injunctive relief, have experienced an actual or imminent threat of enforcement because they have engaged in the proscribed conduct previously. Picard v. Magliano, 42 F. 4th 89, 100 (2d Cir. 2022) (finding Plaintiff had standing to challenge the statute because he has previously been arrested for the same conduct); Knife Rights, Inc. v. Vance, 802 F.3d 377, 385 (2d Cir. 2015) (finding that the plaintiffs had standing because they had previously been "officially charged, paid fines, surrendered property in purported violation of law, implemented a prosecution-approved compliance program, and entered into a deferred prosecution agreement that expressly threatened future charges."); *See* Babbit v. UFW Nat'l Union, 442 U.S. 289, 303 (1979) (holding that the threat of prosecution was sufficient because Plaintiffs had previously engaged in the proscribed conduct); Steffel v. Thompson, 415 US 452, 459 (1974) (finding an actual threat of prosecution because plaintiff had been approached by law enforcement on two prior occasions for engaging in the proscribed conduct).

Furthermore, Plaintiffs attempt to argue that their non-existent injuries are identical to those sustained by the plaintiffs in Cuomo is misleading. NY State Rifle & Pistol Assn. v. Cuomo, 990

F. Supp. 2d 349 (W.D.N.Y. 2013). In Cuomo, standing was found as plaintiffs Horvath and Galvin *already* owned rifles, pistols, and large-capacity magazines that the challenged portions of the SAFE Act sought to regulate. Id. Additionally, but for the Act, they would acquire weapons and ammunition-feeding devices that the Act rendered illegal. As such, the Cuomo plaintiffs demonstrated, they faced a credible threat of prosecution. Id. Ultimately, despite having standing, those plaintiffs lost their challenge because the assault weapons ban was found to be constitutional, and the Supreme Court denied certiorari. Id.

Here, the Complaint is completely silent as to what, if any, facts exist to lead this Court to believe that the enforcement of this Law upon these specific individual Plaintiffs is imminent. Plaintiffs assume that D.A. Rocah will enforce this Law against them. Assumptions are not a substitute for factual allegations that suggest, as a state actor, D.A. Rocah undertook any affirmative actions (criminal prosecution or other advocacy) in enforcing the Law against either Plaintiff. Never has D.A. Rocah issued any statement directly to Plaintiffs to indicate that should they possess the guns they desire that they specifically will be prosecuted; nor do Plaintiffs allege that they have been arrested for this type of conduct in the past. Nothing in the Complaint suggests that D.A. Rocah was aware of or knew of Plaintiffs' intent to possess these assault weapons.

Instead, Plaintiffs attempt to argue that the mere fact that D.A. Rocah has recently charged other individuals with possession of assault weapons, then they too are at risk of being prosecuted. This is insufficient. In these separate ongoing criminal matters cited by Plaintiffs, the arrests and prosecutions were part of larger investigations into suspected criminal activity that resulted in the issuance of a search warrant. In each case, before investigators entered the personal residences and discovered assault weapons, among other things, a Judge of competent jurisdiction, made a finding of probable cause to issue a search warrant. As D.A. Rocha previously argued, the

ability to enforce and prosecute the assault weapon ban must first be supported by probable cause. Despite, what Plaintiffs may believe, no police officer, or district attorney investigator will enter their homes and prosecute them for possession of assault weapons without the requisite cause.

Clearly, Plaintiffs have failed to allege a real credible threat of prosecution. As such, Plaintiffs lack standing to challenge the constitutionality of the Assault Weapon Ban and the instant Complaint must be dismissed pursuant to Rule 12(b)(1).

## II. PLAINTIFFS CANNOT ESTABLISH STANDING WITH NEWLY ALLEGED FACTS IN THEIR OPPOSITION MOTION

### A. Plaintiff Sears Subsequently Obtained License is Irrelevant to Establish Standing.

Plaintiff Sears, arguably acknowledges that initially he lacked standing because now, as of April 2023, he is licensed to own a semi-automatic rifle. (Declaration of James Sears dated June 5, 2023, ("Sears Decl."), ECF No. 45). Standing must exist at the time the Complaint is filed and cannot be cured by later facts alleged in an Amended Complaint. Adler v. Penn Credit Corp., 2022 U.S. Dist. LEXIS 43518, at *27-28 (S.D.N.Y. Mar 11, 2022) (dismissing claims because plaintiff failed to establish standing); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concluded that is lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Certainly, the lack of standing cannot be cured by evidence presented in opposition to a Rule 12(b)(1) motion to dismiss. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 402 (S.D.N.Y. 2012); Wright v. Ernst & Young Llp, 152 F.3d 169 (2d Cir. 1998); IIT, Intl. Inv. Trust v. Cornfeld, 619 F.2d 909, 914 (2d Cir. 1980); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977); see also Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). Here, at the time the Complaint was filed, Plaintiff Sears lacked a license to own a semi-automatic firearm, and

failed to allege such an application was pending in the Complaint or in his pre-motion conference letter. Complaint, dated and filed Dec. 30, 2022, U.S. District Court for the Southern District of New York, 22 Civ. 10989, ECF No. 1; Letter dated Mar. 10, 2023 from Nicolas Rotsko, Esq., ECF No. 22. Accordingly, the fact that months after the Complaint was filed, Sears obtained a license for a semi-automatic rifle, is meaningless. Therefore, Plaintiff Sears' claims should must be dismissed for lack of standing.

### B. Plaintiff Lanes Attempt to Exclude Assault Weapons from the NYS Firearms' Licensing Scheme Defies Logic

As the co-Defendant has argued to this Court, the idea that the New York State Legislature intended the caveat to exclude assault weapons from the licensing regime is ludicrous. New York State favors licenses for any and all firearms. Frey v. Nigrelli, 2023 U.S. Dist. LEXIS 42067, at *3 (S.D.N.Y. Mar. 13, 2023) ("New York maintains a general prohibition on the possession of firearms without a license."). To think otherwise would require mental gymnastics to ignore the history of gun regulation and enforcement in this state. This argument by Plaintiff is nothing more than a feeble attempt to establish standing on behalf of Plaintiff Lane, who lacks any license for a firearm within NYS. There is no debate that Plaintiff Lane lacks any firearm license within NYS and lacks standing to challenge the Assault Weapon ban, because even if this ban were to be lifted, he would still be prevented from owning the assault weapon he desires because he is unlicensed.

# CONCLUSION

As Plaintiffs lack standing thereby depriving this Court of subject matter jurisdiction to adjudicate these claims, District Attorney Miriam Rocah respectfully requests that this Honorable Court dismiss the Complaint against her, in its entirety with prejudice, and for such other and further relief as this Honorable Court deems just and proper.

Dated: White Plains, New York
       June 19, 2023

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendant*

By: *[signature]*
MaryBeth Allen-Knecht
Senior Assistant County Attorney
Office of the Westchester County Attorney
148 Martine Avenue, 6th Floor
White Plains, New York 10601
Tel. No.: (914) 995-4796

By: *Gianfranco Arlia /s*
Gianfranco Arlia
Assistant County Attorney
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, NY 10601
Tel. No.: (914) 995-2696

To:    Adam Kraut, Esq. (*via ECF*)
       Second Amendment Foundation
       *Attorney for Plaintiffs*
       12500 N.E Tenth Place
       Bellevue, Washington 98005

       Cody Wisniewski, Esq. (*via ECF*)
       Firearms Policy Coalition
       *Attorney for Plaintiffs*
       5550 Painted Mirage Road
       Las Vegas, Nevada 89149

       Nicolas Rotsko, Esq. (*via ECF*)
       Phillips Lytle LLP

*Attorney for Plaintiffs*
One Canalside
125 Main Street
Buffalo, New York 14203

Suzanna Publicker Mettham, Esq. (*via ECF*)
James Martin Thompson, Esq. (*via ECF*)
Yuval Rubinstein, Esq. (*via ECF*)
New York State Office of the Attorney General
*Attorneys for Defendants James and Nigrelli*
Litigation Bureau
28 Liberty Street, 15th Floor
New York, New York 10005