

**George Latimer**
**County Executive**

Department of Law
John M. Nonna
County Attorney

June 29, 2023

**VIA ECF**

Honorable Keneth M. Karas
United States District Judge
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 521
White Plain, NY 10601

      Re:    <u>**J. Mark Lane et al., v. Nigrelli, et al.**</u>
             22 Civ. 10989 (KMK)

Your Honor:

      I am a Senior Assistant County Attorney in the Litigation Bureau of the Westchester County Attorney's Office, and the attorney assigned to the defense of the above-referenced matter on behalf District Attorney Miriam Rocah ("D.A. Rocah").  We write to inform the Court of the Second Circuit's decision in <u>Vitagliano v. County of Westchester</u>, No. 23-30, ___F.4th___, 2023 U.S. App. LEXIS 15469 (June 21, 2023).   This decision was issued days after D.A. Rocah filed her reply in support of her motion to dismiss the Complaint and directly impacts our arguments with respect to Plaintiffs' standing to bring the instant suit.

      Specifically, the Second Circuit held that while evidence of past enforcement is relevant to determine whether there is a threat of prosecution, it is not necessary to make out injury in fact. <u>Id.</u> at *22.  To the extent that D.A. Rocah argued the same in her moving papers, D.A. Rocah withdraws that argument.  However, the plaintiff's intention to engage in the proscribed conduct in <u>Vitagliano</u>, was far more concrete than the some-day aspirations of the Plaintiffs in the instant matter to own assault weapons.  In <u>Vitagliano</u>, the plaintiff had undergone training to engage in the proscribed conduct, articulated such training in the complaint and provided an exact location of where she intended to engage in such conduct but for the challenged statute.  <u>Id.</u> at *17.  Most importantly, the challenged statute had been enacted just three months before she filed suit, previously the proscribed conduct was not illegal.  <u>Id.</u> at *20.

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601      Telephone:  914-995-2660      Fax:  914- 995-3132



As D.A. Rocah argued in the Motion to Dismiss and Reply, the Plaintiffs have not established anything more than a some-day intention to possess assault weapons. At the time this Complaint was filed, neither Plaintiff was licensed or trained to own the assault weapons they desire and the law banning these firearms had been in effect for approximately 10 years. Additionally, this statute has already been found constitutional. See generally N.Y. State Rifle & Pistol Ass'n v. Cuomo, 804 F.3d 242 (2d Cir. 2015) cert denied Shew v. Malloy, 2016 U.S. LEXIS 3959 (U.S. June 20, 2016).

DA Rocah thanks the Court for its time and consideration herein.

Respectfully submitted,

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for Westchester Defendants*

By: _____
MaryBeth C. Allen-Knecht
Senior Assistant County Attorney
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, NY 10601
Tel. No.: (914) 995-4796

By: _____
Gianfranco Arlia
Assistant County Attorney
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, NY 10601
Tel. No.: (914) 995-2696

CC:    Counsel for all Parties via ECF