

## Phillips Lytle LLP

**Via CMECF**  
Hon. Kenneth M. Karas  August 22, 2023  
United States District Court  
for the Southern District of New York  
The Hon. Charles L. Brieant Jr. Federal Building  
and United States Courthouse  
300 Quarropas St.  
White Plains, NY 10601-4150  

Re:   *Lane, et al., v. Nigrelli, et al.*, 22-cv-10989 (KMK)  
     Plaintiffs' Notice of Supplemental Authority – *Teter v. Lopez*  

Dear Judge Karas:

    We represent Plaintiffs J. Mark Lane and James Sears in this matter. We write to notify the Court of a recent decision in a similar case, *Teter v. Lopez*, in which the United States Court of Appeals for the Ninth Circuit applied *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), to enjoin enforcement of Hawaii's ban on butterfly knives.[1]  Ex. A is a copy of the decision.

    In addition to striking down a weapons ban under *Bruen*, the Ninth Circuit clarified that its pre-*Heller* decision in *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996), is no longer good law.[2]  Defendant Nigrelli's reliance on *San Diego County* to challenge Plaintiffs' standing here,[3] should be rejected.

---

[1] *Teter v. Lopez*, No. 20-15948, 2023 WL 5008203, at *2, 6-12 (9th Cir. Aug. 7, 2023) ("Because the possession of butterfly knives is conduct protected by the plain text of the Second Amendment, and because Hawaii has not demonstrated that its ban on butterfly knives is consistent with this Nation's historical tradition of regulating arms, . . . [the ban] violates Plaintiffs' Second Amendment rights.").

[2] *Teter*, 2023 WL 5008203, at *4 (abrogating *San Diego County*); (*San Diego County* is "clearly irreconcilable" with *Heller*); *see also id.*, at *6 ("these aspects of *San Diego County* are therefore no longer good law").

[3] Dkt. 42, at 18–19.

ATTORNEYS AT LAW
_____
NICOLAS J. ROTSKO   PARTNER   DIRECT 716 847 5467   NROTSKO@PHILLIPSLYTLE.COM
_____
ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | CHICAGO, IL | WASHINGTON, DC | CANADA: WATERLOO REGION



Hon. Kenneth M. Karas  August 22, 2023
Page 2

      The *Teter* court's application of its "present injury" test from *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014), is also relevant here. Plaintiffs Lane and Sears cited *Jackson* to demonstrate their present injury from elimination of the market for AR-15 style rifles in New York State.[4] Defendant Rocah replied that *Jackson* supports standing only for sellers of firearms, not would-be buyers.[5] In applying *Jackson*, however, the *Teter* court made clear "that the Second Amendment protects the *ability to acquire arms*," not just sell them, and an "ongoing deprivation of an alleged legally protected interest, [one's] Second Amendment rights, is *sufficient to constitute an injury in fact*."[6] The *Teter* court's application of *Jackson* supports Plaintiffs' standing here, because like the *Teter* plaintiffs, Messrs. Lane and Sears desire to acquire arms that are commonly used for lawful purposes, but are prohibited by the challenged law.

      Finally, like the Second Circuit in *Vitagliano v. Cnty. of Westchester*, 71 F.4th 130, 136-140 (2d Cir. 2023), the Ninth Circuit held that the *Teter* plaintiffs easily satisfied the three-pronged pre-enforcement test formulated in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014),[7] just as Plaintiffs Lane and Sears do here.[8]

      Because *Teter v. Lopez* is relevant to the issues before this Court, Plaintiffs respectfully request that it be included in the record on this motion.

Respectfully submitted,

Phillips Lytle LLP

By /s/ Nicolas J. Rotsko

Nicolas J. Rotsko

cc:    Counsel of record (via CMECF)

---

[4] Dkt. 46, at 9-10.

[5] Dkt. 47, at 3-4.

[6] *Teter*, 2023 WL 5008203, at *3-4 & n.2 (emphases added, citations and quotation marks omitted).

[7] *Teter*, 2023 WL 5008203, at *5-6.

[8] Dkt. 46, at 8-14; Dkt. 52, at 2-4.