UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. MARK LANE AND JAMES SEARS,<br><br>        Plaintiffs,<br><br>    - against -<br><br>MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York, and DOMINICK L. CHIUMENTO, in his official capacity as Acting Superintendent of the New York State Police<br><br>        Defendants. | No. 22-cv-10989 (KMK)<br><br>**ANSWER FOR DEFENDANT CHIUMENTO** |

  Defendant Dominick L. Chiumento ("Defendant Chiumento"), by his attorney, Letitia James, the Attorney General of the State of New York, hereby answers the Complaint filed on December 30, 2022, by Plaintiffs J. Mark Lane and James Sears ("Plaintiffs") as follows:

  1.  Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the Second Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

  2.  Defendant Chiumento denies the allegations set forth in Paragraph 2 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

  3.  Defendant Chiumento denies the allegations set forth in Paragraph 3 of the Complaint.

  4.  Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is

required. To the extent that a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 4 of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

5. Defendant Chiumento denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant Chiumento denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

7. Defendant Chiumento denies the allegations set forth in Paragraph 7 of the Complaint, except admits that Plaintiffs purport to base venue in this Court as set forth therein.

8. Defendant Chiumento denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant Chiumento denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, except admits that Plaintiff Sears is a resident of Westchester County over the age of 21, and that, upon information and belief, Plaintiff Sears was issued a license after the commencement of this lawsuit.

10. Pursuant to the April 13, 2023 Stipulation dismissing Attorney General Letitia James as a defendant, no response to Paragraph 10 of the Complaint is required. To the extent a response is required, Defendant Chiumento admits that Letitia James is the Attorney General of the State of New York, and respectfully refers the Court to § 63 of the New York State Executive Law for a statement of the Attorney General's duties.

11. Defendant Chiumento admits that the Complaint names the Superintendent of the New York State Police in his official capacity, and respectfully refers the Court to § 223 of the New York State Executive Law for a statement of the Superintendent's duties.

12. Defendant Chiumento admits that Defendant Rocah is the District Attorney for Westchester County and is being sued in her official capacity, and respectfully refers the Court to the decision cited therein for a complete and accurate statement of its contents.

13. Defendant Chiumento denies the allegations set forth in paragraph 13 of the Complaint, and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

14. Paragraph 14 of the Complaint, inclusive of subparts, sets forth a legal conclusion to which no response is required, and Defendant Chiumento respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

15. Defendant Chiumento denies the allegations set forth in Paragraph 15 of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

16. Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required, and Defendant Chiumento respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

17. Paragraph 17 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 17 of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

18. Defendant Chiumento denies the allegations set forth in Paragraph 18 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

19. Defendant Chiumento denies the allegations set forth in Paragraph 19 of the

Complaint, and respectfully refers the Court to the website cited for a complete and accurate statement of its contents.

20. Defendant Chiumento denies the allegations set forth in Paragraph 20 of the Complaint, and respectfully refers the Court to the websites and statute cited for a complete and accurate statement of their contents.

21. Defendant Chiumento denies the allegations set forth in Paragraph 21 of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

22. Defendant Chiumento denies the allegations set forth in Paragraph 22 of the Complaint, and respectfully refers the Court to the websites cited for a complete and accurate statement of their contents.

23. Defendant Chiumento denies the allegations set forth in Paragraph 23 of the Complaint, and respectfully refers the Court to the website and statute cited for a complete and accurate statement of their contents.

24. Defendant Chiumento denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant Chiumento denies the allegations set forth in Paragraph 25 of the Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of their contents.

26. Defendant Chiumento denies the allegations set forth in Paragraph 26 of the Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of its contents.

27. Defendant Chiumento denies the allegations set forth in Paragraph 27 of the

Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of its contents.

28. Defendant Chiumento denies the allegations set forth in Paragraph 28 of the Complaint..

29. Defendant Chiumento denies the allegations set forth in Paragraph 29 of the Complaint, and respectfully refers the Court to the articles and websites cited for a complete and accurate statement of their contents.

30. Defendant Chiumento denies the allegations set forth in Paragraph 30 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

31. Defendant Chiumento denies the allegations set forth in Paragraph 31 of the Complaint..

32. Defendant Chiumento denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant Chiumento denies the allegations set forth in Paragraph 33 of the Complaint, and respectfully refers the Court to the articles and websites cited for a complete and accurate statement of their contents.

34. Paragraph 34 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 34 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

35. Paragraph 35 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations

set forth in Paragraph 35 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

36. Paragraph 36 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 37 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

38. Paragraph 38 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 38 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

39. Defendant Chiumento denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant Chiumento denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, except admits, upon information and belief, that Plaintiff Sears resides in Westchester County, New York.

41. Paragraph 41 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the provision cited for a complete and accurate statement of its contents.

42. Paragraph 42 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the provision

cited for a complete and accurate statement of its contents.

43. Paragraph 43 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

44. Paragraph 44 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

45. Paragraph 45 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

46. Paragraph 46 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

47. Paragraph 47 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 47 of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

48. Paragraph 48 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 48 of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

49. Paragraph 49 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set

forth in Paragraph 49 of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

50. Paragraph 50 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 50 of the Complaint, and respectfully refers the Court to the decision and statute cited for a complete and accurate statement of their contents.

51. Paragraph 51 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 51 of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

52. Paragraph 52 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 52 of the Complaint, and respectfully refers the Court to the decisions and statute cited for a complete and accurate statement of their contents.

53. Paragraph 53 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 53 of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

54. Defendant Chiumento denies the allegations set forth in Paragraph 54 of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

55. Defendant Chiumento denies the allegations set forth in Paragraph 55 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

56. In response to the allegation set forth in Paragraph 56 of the Complaint, Defendant Chiumento reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Paragraph 57 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 58 of the Complaint, and respectfully refers the Court to the Second and Fourteenth Amendments of the U.S. Constitution for a complete and accurate statement of their contents.

59. Paragraph 59 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 59 of the Complaint, and respectfully refers the Court to the Fourteenth Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

60. Paragraph 60 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 60 of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

61. Paragraph 61 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 61 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

62. Paragraph 62 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Chiumento respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

63. Paragraph 63 of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Chiumento denies the allegations set forth in Paragraph 63 of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

64. Defendant Chiumento denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant Chiumento denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim against Defendant Chiumento upon which relief can be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred, in whole or in part, for lack of standing.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred on the ground that the challenged statutory provisions do not infringe the right to keep and bear "arms" within the meaning of the Second Amendment.

**AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE**

69. Plaintiffs' claims are barred on the ground that the challenged statutory provisions are "consistent with this Nation's historical tradition of firearm regulation."

**AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE**

70. Plaintiffs' claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

**AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE**

71. Each of the challenged statutes can be constitutionally applied in at least some circumstances, and each has a plainly legitimate sweep.

WHEREFORE, Defendant Chiumento respectfully requests that the Court enter judgment in his favor, dismissing all claims against him with prejudice, and granting costs and other relief as the Court may deem just and proper.

Dated:   New York, New York
         January 18, 2024

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York

                                             /s/
                                        Suzanna Publicker Mettham
                                        Brenda Cooke
                                        James M. Thompson
                                        Yuval Rubinstein
                                        Assistant Attorneys General
                                        28 Liberty Street
                                        New York, NY 10005
                                        suzanna.mettham@ag.ny.gov
                                        brenda.cooke@ag.ny.gov
                                        james.thompson@ag.ny.gov
                                        yuval.rubinstein@ag.ny.gov