UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. MARK LANE AND JAMES SEARS,<br><br>       Plaintiffs,<br><br>   - against -<br><br>MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York, and DOMINICK L. CHIUMENTO, in his official capacity as Acting Superintendent of the New York State Police<br><br>       Defendants. | No. 22-cv-10989 (KMK)<br><br>**ANSWER FOR DEFENDANT ROCAH**<br><br>**JURY TRIAL DEMANDED** |

    Defendant MIRIAM E. ROCAH ("Defendant Rocah"), by her attorney, John M. Nonna, Westchester County Attorney, hereby answers the Complaint filed on December 30, 2022, by Plaintiffs J. Mark Lane and James Sears ("Plaintiffs") as follows:

### AS TO THE PARAGRAPHS OF THE COMPLAINT ENUMERATED UNDER "INTRODUCTION"

    1.  Paragraph "1" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the Second Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

    2.  Defendant Rocah denies the allegations set forth in Paragraph "2" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

    3.  Defendant Rocah denies the allegations set forth in Paragraph "3" of the

Complaint.

4. Paragraph "4" of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant Rocah denies the allegations set forth in Paragraph "4" of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

### AS TO THE PARAGRAPHS IN THE COMPLAINT ENUMERATED UNDER "JURISDICTION & VENUE"

5. Paragraph "5" of the Complaint sets forth a legal conclusion to which no response is required, and respectfully refers all questions of law to the Court.

6. Defendant Rocah denies the allegations set forth in Paragraph "6" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

7. Paragraph "7" of the Complaint sets forth a legal conclusion to which no response is required, and respectfully refers all questions of law to the Court.

### AS TO THE PARAGRAPHS IN THE COMPLAINT ENUMERATED UNDER "PARTIES"

8. Defendant Rocah denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant Rocah denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint, except admits that Plaintiff Sears is a resident of Westchester County over the age of 21, and that, upon information and belief, Plaintiff Sears was issued a license after the commencement of this lawsuit.

10. Pursuant to the April 13, 2023, Stipulation dismissing Attorney General Letitia James as a defendant, no response to Paragraph 10 of the Complaint is required. To the extent a response is required, Defendant Rocah admits that Letitia James is the Attorney General of

the State of New York, and respectfully refers the Court to § 63 of the New York State Executive Law for a statement of the Attorney General's duties.

11. As to Paragraph "11" of the complaint, Defendant Rocah admits that the Complaint names the Superintendent of the New York State Police in his official capacity, and respectfully refers the Court to § 223 of the New York State Executive Law for a statement of the Superintendent's duties.

12. As to Paragraph "12" of the complaint, Defendant Rocah admits that she is the District Attorney for Westchester County and being sued in her official capacity, and respectfully refers the Court to Sections 700 to 707 of Article 18 of the New York County Law and any relevant case law for a statement of the District Attorney's duties.

## AS TO THE PARAGRAPHS IN THE COMPLAINT ENUMERATED UNDER "FACTUAL ALLEGATIONS"

I. **"NEW YORK'S UNCONSTITUTIONAL SEMIAUTOMATIC FIREARMS BAN"**

13. Defendant Rocah denies the allegations set forth in paragraph "13" of the Complaint, and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

14. Paragraph "14" of the Complaint, inclusive of subparts, sets forth a legal conclusion to which no response is required, and Defendant Rocah respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

15. Defendant Rocah denies the allegations set forth in Paragraph "15" of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

16. Paragraph "16" of the Complaint sets forth a legal conclusion to which no response is required, and Defendant Rocah respectfully refers the Court to the statutes cited for

a complete and accurate statement of their contents.

## II. "NEW YORK BANS RIFLES IN COMMON USE"

17. Paragraph "17" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "17" of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

18. Defendant Rocah denies the allegations set forth in Paragraph "18" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

19. Defendant Rocah denies the allegations set forth in Paragraph "19" of the Complaint, and respectfully refers the Court to the website cited for a complete and accurate statement of its contents.

20. Defendant Rocah denies the allegations set forth in Paragraph "20" of the Complaint, and respectfully refers the Court to the websites and statute cited for a complete and accurate statement of their contents.

21. Defendant Rocah denies the allegations set forth in Paragraph "21" of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

22. Defendant Rocah denies the allegations set forth in Paragraph "22" of the Complaint, and respectfully refers the Court to the websites cited for a complete and accurate statement of their contents.

23. Defendant Rocah denies the allegations set forth in Paragraph "23" of the Complaint, and respectfully refers the Court to the website and statute cited for a complete and

accurate statement of their contents.

24. Defendant Rocah denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant Rocah denies the allegations set forth in Paragraph "25" of the Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of its contents.

26. Defendant Rocah denies the allegations set forth in Paragraph "26" of the Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of its contents.

27. Defendant Rocah denies the allegations set forth in Paragraph "27" of the Complaint, and respectfully refers the Court to the journal cited for a complete and accurate statement of its contents.

28. Defendant Rocah denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant Rocah denies the allegations set forth in Paragraph 29 of the Complaint, and respectfully refers the Court to the articles and websites cited for a complete and accurate statement of their contents.

30. Defendant Rocah denies the allegations set forth in Paragraph "30" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

31. Defendant Rocah denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant Rocah denies the allegations set forth in Paragraph "32" of the

Complaint.

33. Defendant Rocah denies the allegations set forth in Paragraph "33" of the Complaint, and respectfully refers the Court to the articles and websites cited for a complete and accurate statement of their contents.

34. Paragraph "34" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "34" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

35. Paragraph "35" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "35" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

36. Paragraph "36" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "36" of the Complaint.

37. Paragraph "37" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "37" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

38. Paragraph "38" of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "38" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

III.   **"THE EFFECT ON PLAINTIFFS**

39.   Defendant Rocah denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40.   Defendant Rocah denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint, except admits, upon information and belief, that Plaintiff Sears resides in Westchester County, New York.

IV.   **"DEFENDANTS' LAWS AND REGULATIONS VIOLATE THE SECOND AMENDMENT."**

41.   Paragraph "41" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the provision cited for a complete and accurate statement of its contents.

42.   Paragraph "42" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the provision cited for a complete and accurate statement of its contents.

43.   Paragraph "43" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

44.   Paragraph "44" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

45.   Paragraph "45" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

46. Paragraph "46" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

47. Paragraph "47" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "47" of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

48. Paragraph "48" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "48" of the Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

49. Paragraph "49" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "49" of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

50. Paragraph "50" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "50" of the Complaint, and respectfully refers the Court to the decision and statute cited for a complete and accurate statement of their contents.

51. Paragraph "51" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "51" of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

52. Paragraph "52" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "52" of the Complaint, and respectfully refers the Court to the decisions and statute cited for a complete and accurate statement of their contents.

53. Paragraph "53" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "53" of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

54. Defendant Rocah denies the allegations set forth in Paragraph "54" of the Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

55. Defendant Rocah denies the allegations set forth in Paragraph "55" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

## AS TO THE PARAGRAPHS OF THE COMPLAINT ENUMERATED UNDER "COUNT ONE"

56. In response to the allegation set forth in Paragraph "56" of the Complaint, Defendant Rocah reiterates and incorporates by reference her responses to the allegations set forth in Paragraphs "1" through "55" of the Complaint as if fully set forth herein.

57. Paragraph "57" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "57" of the Complaint.

58. Paragraph "58" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations

set forth in Paragraph "58" of the Complaint, and respectfully refers the Court to the Second and Fourteenth Amendments of the U.S. Constitution for a complete and accurate statement of their contents.

59. Paragraph "59" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "59" of the Complaint, and respectfully refers the Court to the Fourteenth Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

60. Paragraph "60" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "60" of the Complaint, and respectfully refers the Court to the Second Amendment of the U.S. Constitution for a complete and accurate statement of its contents.

61. Paragraph "61" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "61" of the Complaint, and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

62. Paragraph "62" of the Complaint sets forth a conclusion of law to which no response is required, and Defendant Rocah respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

63. Paragraph "63" of the Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant Rocah denies the allegations set forth in Paragraph "63" of the Complaint and respectfully refers the Court to the statute cited for a complete and accurate statement of its contents.

64. Defendant Rocah denies the allegations set forth in Paragraph "64" of the Complaint.

## AS TO THE PARAGRAPHS IN THE COMPLAINT ENUMERATED UNDER "PRAYER FOR RELIEF"

65. As to Paragraph "65" of the complaint, Defendant Rocah denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim against Defendant Rocah upon which relief can be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred on the ground that the challenged statutory provisions do not infringe the right to keep and bear "arms" within the meaning of the Second Amendment.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred on the ground that the challenged statutory provisions are "consistent with this Nation's historical tradition of firearm regulation."

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69. Each of the challenged statutes can be constitutionally applied in at least some circumstances, and each has a plainly legitimate sweep.

**WHEREFORE**, Defendant Rocah hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**WHEREFORE**, Defendant Rocah respectfully requests that the Court enter judgment in her favor, dismissing all claims against her with prejudice, and granting costs and other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: White Plains, New York<br>January 18, 2024 | **JOHN M. NONNA**<br>Westchester County Attorney<br>*Attorney for District Attorney Miriam E. Rocah*<br><br>By: _____<br>Francesca l. Mountain, Esq.<br>Senior Assistant County Attorney<br>Office of the Westchester County Attorney<br>148 Martine Avenue, 6th Floor<br>White Plains, New York 10601 |

To:   Adam Kraut, Esq. (*via ECF*)
      Second Amendment Foundation
      *Attorney for Plaintiffs*
      12500 N.E Tenth Place
      Bellevue, Washington 98005

      Cody Wisniewski, Esq. (*via ECF*)
      Firearms Policy Coalition
      *Attorney for Plaintiffs*
      5550 Painted Mirage Road
      Las Vegas, Nevada 89149

      Nicolas Rotsko, Esq. (*via ECF*)
      Phillips Lytle LLP
      *Attorney for Plaintiffs*
      One Canalside
      125 Main Street
      Buffalo, New York 14203

      Suzanna Publicker Mettham, Esq. (*via ECF*)
      James Martin Thompson, Esq. (*via ECF*)
      Yuval Rubinstein, Esq. (*via ECF*)
      New York State Office of the Attorney General
      *Attorneys for Defendants James and Nigrelli*
      Litigation Bureau
      28 Liberty Street, 15th Floor
      New York, New York 10005