STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

January 22, 2024

**By ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

   Re: *Lane v. Rocah*, No. 22 Civ. 10989 (KMK)

Dear Judge Karas:

  The Office of the Attorney General represents Dominick L. Chiumento ("Superintendent"), in his official capacity as Acting Superintendent of the New York State Police ("NYSP"). The Superintendent respectfully requests a stay of proceedings pending the Second Circuit's decision in *National Ass'n for Gun Rights v. Lamont*, No. 22-cv-1118 (D. Ct.), No. 23-1162 (2d Cir.) ("*NAGR*"). The *NAGR* case involves a Second Amendment challenge to Connecticut's substantially similar ban on assault weapons, and the Circuit's ruling is likely to be controlling precedent for the Second Amendment facial challenge to New York's ban on assault weapons brought by the Plaintiffs J. Mark Lane and James Sears ("Plaintiffs") in this action.

  In the alternative, the Superintendent respectfully requests an enlargement of the summary judgment briefing schedule ordered by the Court on January 4, 2024, as detailed below, to build in sufficient time for discovery and for the Superintendent to file a cross-motion for summary judgment.[1] Plaintiffs oppose the Defendants' request for a stay, and also oppose the dates in the proposed briefing schedule, but Plaintiffs state they "would be willing to stipulate to an enlarged briefing schedule in lieu of a stay."

**A.** **Background**

  NAGR and an individual plaintiff filed a lawsuit in the District of Connecticut alleging that Connecticut's assault weapons ban, as defined in Conn. Gen. Stat. § 53-202a (a)(1), violated their Second Amendment rights. The Connecticut statute defines "assault weapon," in relevant part, as "[a] semiautomatic, centerfire rifle that has an ability to accept a detachable magazine and has at least one of" several accessories that are similar to the accessories listed in New York's statute. Conn. Gen. Stat. § 53-202a (a)(1)(E)(I) – (V); *see also NYSRPA v. Cuomo*, 804 F.3d 242, 248 (2d Cir. 2015) (discussing the similarities between the New York and Connecticut assault weapons statutes, which were passed within a year of each other and "closely mirrored" the federal assault

---

[1] Defendant Miriam E. Rocah, District Attorney for the County of Westchester, joins the Superintendent's request for a stay of proceedings and alternative request for an enlargement of the summary judgment briefing schedule.

The Honorable Kenneth M. Karas
January 22, 2024

weapons ban). On August 3, 2023, U.S. District Judge Janet Bond Arterton issued a thorough decision that denied NAGR's motion to preliminarily enjoin Connecticut's assault weapons ban. *See NAGR v. Lamont*, No. 22 Civ. 1118, --F.Supp.3d--, (D.Conn. Aug. 3, 2023).[2] A copy of the district court's decision in *NAGR* is attached as Exhibit A ("Ex. A").

The Court determined that assault weapons are not protected by the Second Amendment because "they are not typically possessed by the average citizen for self-defense." Ex. A at 52. The Court also determined that Connecticut's ban on assault weapons is "consistent with the Nation's historical tradition of firearm regulation" under the Supreme Court's analysis in *NYSRPA v. Bruen*, 597 U.S. 1 (2022). Specifically, the Court determined that the ban "pose[s] a comparable burden to relevantly similar historical analogues for comparably justified reasons." *Id.* The Court pointed to, among other things, bans on Bowie knives and other new weapons that posed unprecedented risks to public safety in previous eras. *Id.* at *66. The *NAGR* plaintiffs appealed the decision to the Second Circuit on August 16, 2023, and filed their opening brief on November 22, 2023. Connecticut's brief is due by February 21, 2024.

**B.     A Stay is Warranted Given the Similarity Between This Case and *NAGR***

Plaintiffs' lawsuit raises a Second Amendment challenge to New York's assault weapons ban that is highly similar to NAGR's pending challenge to Connecticut's ban. Accordingly, the Superintendent respectfully requests that the Court issue a stay of these proceedings because "resolution of that appeal should guide this Court in ruling on one of the key issues in this litigation." *Goldstein v. Time Warner N.Y. City Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (stay is justified "when a higher court is close to settling an important issue of law bearing on the action").

Additionally, the five factors that govern a motion for a stay of proceedings weigh decisively in favor of granting a stay in this case. *See Bahl v. N.Y. College of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-cv-4020, 2018 WL 4861390, at *2 (E.D.N.Y. Sept. 28, 2018) (courts weigh five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest") (internal quotation marks omitted)).

First, Plaintiffs will not be unduly prejudiced by a stay of proceedings given that the *NAGR* appeal is already in the middle of briefing. *See Estate of Heiser v. Deutsche Bank Trust Co.*, No. 11-cv-1608, 2012 WL 2865485, at *4 (S.D.N.Y. July 10, 2012) (granting stay where "there is little likelihood of a prolonged delay in this case" based upon briefing schedule in Second Circuit appeal that is basis for the stay). The second factor heavily favors a stay as well. Prior cases challenging state assault weapons prohibitions have repeatedly upheld their constitutionality, but only after the submission of multiple in-depth expert reports on assault weapons' functionality, their unsuitability for basic self-defense purposes, and the extensive historical analogues regulating particularly dangerous weapons in each era of advancing technology.[3]  Marshalling these factual declarations will necessarily involve the expenditure of hundreds of attorney and expert hours and

---

[2] The Court also upheld Connecticut's ban on Large Capacity Magazines (LCMs), although that portion of the decision is not applicable to the Superintendent's stay request.

[3] *See, e.g.,* Docket, *NAGR*, No. 22-cv-01118 (D. Conn.) at ECF No. 37 (attaching seven lay and expert declarations); Docket, *Oregon Firearms Federation, Inc. v. Brown*, No. 22-cv-01815 (D. Or.) at ECF No. 116-26 (eleven declarations); Docket, *Capen v. Campbell*, No. 22-cv-11431 (D. Mass.) at ECF No. 21 (twelve declarations).

The Honorable Kenneth M. Karas
January 22, 2024

many thousands of dollars in order to brief a legal question that may be entirely resolved once the Second Circuit issues a decision in *NAGR*. *See Nuccio v. Duve*, No. 13-cv-1556, 2015 WL 1189617 at *5 (N.D.N.Y. Mar. 16, 2015) ("[T]he second factor – the private interests of and burden on Defendant – weighs in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the [other] [a]ction will necessarily resolve."). The third factor likewise favors a stay of proceedings, as "[p]ermitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." *Id.* For the same reason, the interests of non-parties and the public would be well-served by a stay of proceedings. *Id.* ("Staying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and minimiz[ing] the possibility of conflicts between different courts.") (internal quotation marks omitted).

This Office has made similar stay requests in other recent Second Amendment lawsuits, which have been granted. *See, e.g., Grier v. Kim*, No. 23-cv-3912 (S.D.N.Y. June 7, 2023) (Karas, J.) (ECF No. 10); *LoGiudice v. Chiumento, et al.*, No. 22-cv-04363 (E.D.N.Y. Mar. 22, 2023) (Minute Order); *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Chiumento,* No. 22-cv-907 (N.D.N.Y. Dec. 1, 2022) (ECF Nos. 32-33). For the foregoing reasons, a stay is well-justified in this case as well.

**C.    In the Alternative, the Superintendent Requests an Enlargement of the Summary Judgment Briefing Schedule**

Alternatively, the Superintendent respectfully requests an enlargement of the summary judgment briefing schedule ordered by the Court on January 4, 2024, in which Plaintiffs' motion is due by February 9, 2024, Defendants' responses by March 11, 2024, and Plaintiffs' reply by March 25, 2024. Dkt. 57. The Superintendent respectfully submits that a full briefing schedule will enable the parties to develop a complete factual record through parallel discovery, including but not limited to Plaintiffs' depositions.[4] In addition, the schedule builds in time for the Superintendent to file a cross-motion for summary judgment supported by the expert declarations necessary to provide the Court a full factual and historical analysis on this critical public policy issue. Accordingly, the Superintendent respectfully proposes the following briefing schedule:

- Plaintiffs' Motion for Summary Judgment: March 8, 2024
- Defendants' Oppositions and Cross-motions for Summary Judgment: May 8, 2024
- Plaintiffs' Reply and Opposition to Defendants' Cross-Motions: June 10, 2024
- Defendants' Reply in Support of Their Cross-Motions: June 24, 2024

The Superintendent thanks the Court for its consideration of this request.

Respectfully submitted,

/s/_____
Suzanna Publicker Mettham
Brenda Cooke
James M. Thompson
Yuval Rubinstein

---

[4] Without sufficient time and opportunity to depose Plaintiffs and any experts who submit testimony on their behalf, the Superintendent will likely need to oppose summary judgment under Fed. R. Civ. P. 56(d).

The Honorable Kenneth M. Karas
January 22, 2024

                                                    Assistant Attorneys General
                                                    28 Liberty Street
                                                    New York, NY 10005
                                                    suzanna.mettham@ag.ny.gov
                                                    brenda.cooke@ag.ny.gov
                                                    james.thompson@ag.ny.gov
                                                    yuval.rubinstein@ag.ny.gov

cc:       All counsel of record (via ECF)