

# Phillips Lytle LLP

Hon. Kenneth M. Karas  
United States District Court  
for the Southern District of New York  
The Hon. Charles L. Brieant Jr. Federal Building  
and United States Courthouse  
300 Quarropas St.  
White Plains, NY 10601-4150  

January 25, 2024

Re: *Lane, et al. v. James, et al.*, Case No.: 7:22-cv-10989 (Karas, J.)

Dear Judge Karas:

We represent Plaintiffs J. Mark Lane and James Sears in this action. This letter is submitted on behalf of Plaintiffs in response to Defendant Chiumento's (the "Superintendent") request for a stay (Dkt. 61). For the reasons below, Plaintiffs oppose a stay. As an alternative to a stay, Plaintiffs are agreeable to the enlarged briefing schedule proposed by the Superintendent (Dkt. 61, at 3).

If the Court determines, however, that summary judgment briefing should be postponed until the Second Circuit issues a decision in *NAGR v. Lamont* ("*NAGR*"), Plaintiffs respectfully request that fact and expert discovery—to the extent any is needed—be completed during a four month period while the proceedings are otherwise stayed. Completing any discovery while the parties' summary judgment motions are stayed will facilitate speedier resolution of this case and avoid unnecessary delay.

I. **A stay is not warranted.**

There are several reasons why a stay should be avoided under these circumstances. First, the Second Amendment "right to keep and bear arms" is a fundamental right, *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010), which protects the "intangible and unquantifiable interest" in personal protection and self-defense that "*cannot* be compensated by damages," *Ezell v. City of Chicago*, 651 F.3d 684, 699. The loss

ATTORNEYS AT LAW

NICOLAS J. ROTSKO   PARTNER   DIRECT 716 847 5467   NROTSKO@PHILLIPSLYTLE.COM

ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM  
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | CHICAGO, IL | WASHINGTON, DC | CANADA: WATERLOO REGION



Hon. Kenneth M. Karas
Page 2

of Plaintiffs' rights is "irreparable." *Id.* Here, Plaintiffs' fundamental rights are being infringed by Defendants' enforcement of New York State laws, and it is inequitable to require Plaintiffs to endure a prolonged delay in vindicating their rights, while someone else's case concerning the laws of another state works its way through the time consuming appellate process.

Second, this case is in a materially different posture than *NGRA*, which is an interlocutory appeal of the denial of a preliminary injunction. Here, the parties are poised to seek this Court's summary judgment ruling on the merits. As a general principle, "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits . . . ." *Fyock v. Sunnyvale*, 779 F.3d 991, 995 (9th Cir. 2015) (abrogated on other grounds by *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023)) (internal quotations omitted). Waiting many months for a Second Circuit decision that may not affect the merits ruling in this case is unwarranted.

Third, it is generally beneficial for important issues of first impression—such as whether "assault weapons" bans can survive *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)—to "percolate" through multiple district courts and circuits before the Supreme Court reviews a disputed question. "Careful review by multiple district and circuit courts . . . allows the Supreme Court the benefit of thoughtful and, at times, competing outcomes." *Kentucky v. Biden*, 571 F. Supp. 3d 715, 734–35 (E.D. Ky. 2021), *aff'd as modified sub nom. Commonwealth v. Biden*, 57 F.4th 545 (6th Cir. 2023) (citing *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring)); *see also Weber v. United States*, 484 F.3d 154, 160–61 (2d Cir. 2007) (noting the "salutary effects of allowing some cases to percolate through the normal channels"); *al-Marri v. Rumsfeld*, 360 F.3d 707, 710 (7th Cir. 2004) (same). The important issue of first impression here will benefit from this Court's independent consideration, which need not be constrained by another district court's preliminary injunction analysis.

Fourth, while the Superintendent attempts to downplay the excessive length of the proposed delay, any stay pending the outcome of *NGRA* will likely require Plaintiffs to wait an inordinate amount of time to prosecute their case. In May 2023, the Superintendent's counsel offered the same assurances to this Court that a stay in *Grier v. Kim*, No. 23-cv-3912 (Dkt. 8, at 2), would not result in a prolonged delay pending the Second Circuit's decision in *Antonyuk*. When the Superintendent's request was made in *Grier*, oral argument had already been held in *Antonyuk* (March 2023), yet the decision did not issue until December 2023. And in *Antonyuk*, the Second Circuit was



proceeding on an expedited basis. By contrast, in *NGRA*, the parties are still briefing the appeal, no oral argument has been scheduled, and there is no expedited treatment. Any stay pending the outcome of *NGRA* is likely to be substantially longer than the stay in *Grier*, despite the Superintendent's efforts to downplay the prolonged delay.

2.  **Discovery should be completed during the stay, if imposed.**

There are several reasons why discovery should not be stayed, and should instead be concluded while awaiting the Second Circuit's decision in *NAGR* (if a stay of summary judgment briefing is imposed). First, this is not a discovery intensive case. Both *Heller* and *Bruen* were decided on motion to dismiss records. To the extent the Superintendent needs an expert to engage in legal research in hopes of finding historical analogues, there is no reason why this cannot be undertaken now, instead of after the Second Circuit's decision in *NAGR*. If the Attorney General's office believes more legal research is needed (in addition to what it has done to date or can borrow from other states), it should not sit idle during a stay.

Plaintiffs respectfully oppose a stay of the cross-motions for summary judgment, but if a stay is to be imposed, Plaintiffs respectfully request that any discovery be conducted over a four month period during the stay. As an alternative to a stay, Plaintiffs are agreeable to the enlarged briefing schedule proposed by the Superintendent.

Respectfully submitted,

Phillips Lytle LLP

By /s/ Nicolas J. Rotsko

Nicolas J. Rotsko

Enclosure/Doc #101489

cc:   Counsel of record (via CMECF)

The Court will not impose a stay. Defendants are to explain, in a letter due by 1/30/24, what discovery they need and how long they need to obtain it. Plaintiffs are to respond by 2/2/24.

So Ordered

1/26/24