STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

February 7, 2024

**By ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Lane v. Rocah, et al.*, No. 22 Civ. 10989 (KMK)

Dear Judge Karas:

The Office of the Attorney General represents Steven G. James (the "Superintendent"), who was recently appointed as Acting Superintendent of the New York State Police and nominated to the position, replacing Dominick Chiumento.[1] The Superintendent respectfully submits this response to Plaintiffs' February 2, 2024 letter (ECF No. 66) pursuant to the Court's February 5, 2024 Order. ECF No. 67. Plaintiffs' letter approved of Defendants' proposed briefing schedule and Plaintiffs did not oppose Defendants' request to depose them. However, Plaintiffs have requested that the depositions "be limited to the 'relatively simply facts' 'this case arises out of.'" ECF No. 66 (quoting January 4, 2024 Decision and Order).

While the parties continue to work amicably to shepherd this case through discovery, the Superintendent is nonetheless unable to discern the specific topics Plaintiffs wish to exclude or the basis of their request to limit their depositions to unspecified "relatively simple facts." In an effort to better understand the Plaintiffs' concerns, the undersigned emailed Plaintiffs' counsel, and requested clarification regarding the kind of deposition questions Plaintiffs are looking to limit and/or what questions Plaintiff think are appropriate. Plaintiffs' counsel responded "that there is no need for the scope of Plaintiffs' depositions to extend beyond the simple facts about them in their declarations and in the complaint, which all relate to the Plaintiffs' standing." According to counsel, "[t]he only facts with respect to the Plaintiffs that are relevant to this case are facts that go to their standing."

Absent a protective order, the Defendants should be able to ask any question within the scope of Federal Rule 26(b)(1), which allows parties to "obtain discovery regarding any

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Superintendent James is "automatically substituted as a party" in this official-capacity suit.

The Honorable Kenneth M. Karas
February 7, 2024

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," whether or not the information would ultimately be admissible.  With respect to this case, such subjects include, but are not limited to, the content of Plaintiffs' declarations filed on June 5, 2023, the factual allegations in the Complaint, such as those found within paragraphs 17-38, which address the functionality of the AR-15 rifles that Plaintiffs intend to possess, as well as the survey data that Plaintiffs cite. Defendants should be afforded a full and fair opportunity to depose Plaintiffs about their allegations, just as in any other lawsuit.

      Plaintiffs' counsel has not identified any specific areas of testimony that he believed to be impermissible, nor explained the basis for that opinion. Counsel also did not provide a justification for preemptively limiting Plaintiffs' deposition testimony to topics Plaintiffs deem "relevant." Indeed, "[l]ack of relevancy is <u>not</u> a proper ground for instructing a witness not to answer deposition questions." *Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Solutions*, No. 17 Civ. 4567, 2018 WL 5016605, at 2 (S.D.N.Y. Oct. 16, 2018) (emphasis in the original). To the extent Plaintiffs seek to limit the scope of their deposition testimony, they are obligated to move for a protective order under Rule 26(c), where they bear the burden of establishing why questioning on certain issues should be precluded.  *See McCutcheon v. Colgate-Palmolive Co.*, No. 16 Civ. 4170, 2018 WL 5818255, at *2 (S.D.N.Y. Aug. 3, 2018) (noting that "[t]he burden of persuasion in a motion . . . for a protective order is borne by the movant," that orders restricting depositions are "the exception rather than the rule in federal court," and that "in order to obtain such relief, the party resisting discovery must show good cause." (quotations omitted)).

      If Plaintiffs wish to limit the scope of depositions, they should move for a protective order and explain why there is good cause to do so.  Alternatively, if there are specified topics that Plaintiffs wish to exclude, the Superintendent will always work in good faith with them to reach a workable agreement.  The Superintendent thanks the Court for its consideration of these matters.

Respectfully submitted,

/s/ *Suzanna Publicker Mettham*
Suzanna Publicker Mettham
Brenda Cooke
James M. Thompson
Yuval Rubinstein
Assistant Attorneys General
28 Liberty Street
New York, NY 10005
suzanna.mettham@ag.ny.gov
brenda.cooke@ag.ny.gov
james.thompson@ag.ny.gov
yuval.rubinstein@ag.ny.gov

cc:    All counsel of record (via ECF)