

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

January 30, 2024

**Via ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Lane, et al., v. Rocah, et al.*, 22 Civ. 10989 (KMK)

Dear Judge Karas,

This Office represents Dominick L. Chiumento, sued in his official capacity as Acting Superintendent of the New York State Police, in the above-referenced action. I write on behalf of all Defendants in response to the Court's January 26, 2024 Order directing Defendants to explain what discovery is needed and how long will be needed to obtain it. I am pleased to report that the parties have met-and-conferred and agreed on a summary judgment briefing schedule that should allow for limited discovery to go forward in parallel.

The Superintendent's primary concern was to avoid a scenario where Plaintiffs move for summary judgment on the basis of factual or legal assertions, perhaps based on the opinions of undisclosed experts, without the Superintendent having the time or ability to test those assertions and formulate a rebuttal. Cf. *Fung-Schwartz v. Cerner Corporation*, No. 17 Civ. 233, 2020 WL 8771329, at *2 (S.D.N.Y. Nov. 16, 2020) ("The purpose of the expert disclosure rules is to avoid surprise or trial by ambush."). In particular, it was not clear whether Plaintiffs intended to make an affirmative factual case, or whether they simply intended to put the government to its historical burden under the second prong of the test from *NYSRPA v. Bruen*, 597 U.S. 1 (2022).

The parties met-and-conferred via Microsoft Teams videoconference on Monday, January 29, and lead counsel Nicholas Rotsko represented that the Plaintiffs do not plan to affirmatively offer any expert testimony in connection with their upcoming motion for summary judgment or to provide factual declarations from anyone other than the two individual plaintiffs. Based on that

1

clarification, discovery can be substantially minimized. The Superintendent anticipates only needing to conduct basic paper discovery directed toward the Plaintiffs and to take each Plaintiff's deposition, which should hopefully be straightforward.

The parties have also conferred and agreed on a briefing schedule which should allow for this streamlined discovery to take place in parallel, and for Defendants to assemble the required experts and historical documentation necessary to carry their burden under Bruen. Under the agreed-upon schedule, the parties would file the following sets of papers:

- Plaintiffs' motion for summary judgment: March 15, 2024
- Defendants' opposition to Plaintiffs' motion and cross-motions for summary judgment: May 15, 2024
- Plaintiffs' reply and opposition to Defendants' cross-motions: July 15, 2024
- Defendants' reply in support of their cross-motions: August 2, 2024

The Defendants thank the Court for its time and consideration.

The summary judgment motion briefing schedule noted herein is approved.

So Ordered.
1/31/24

Respectfully submitted,

James M. Thompson
Special Counsel
(212) 416-6556
james.thompson@ag.ny.gov

cc:   Counsel for all parties (via ECF)

2