UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| J. MARK LANE, et al., | **PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| Plaintiffs, | |
| v. | Civil Action No.: 7:22-cv-10989-KMK |
| MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York, and DOMINICK L. CHIUMENTO, in his official capacity as Acting Superintendent of the New York State Police, | |
| Defendants. | |

---

Plaintiffs, pursuant to Rule 56(c) and Local Civil Rule 56.1, submit there is no genuine issue to be tried as to the following facts[1]:

1. Plaintiff J. Mark Lane is an adult resident of Westchester County, New York. Declaration of J. Mark Lane in Opp. to Defs.' Mot. to Dismiss ¶ 1 ("Lane Dec."), Dkt. No. 44 (June 5, 2023).

2. Lane would like to purchase and possess firearms banned by the laws challenged in this case. Lane Dec. ¶ 3.

3. Specifically, Lane would like to purchase a Springfield Armory Saint rifle, a semiautomatic firearm that can accept a detachable magazine and has several

---

[1] Other than those facts that relate to the standing of the parties, all of the facts relevant to the outcome of this case are "legislative facts" which are not concerned with the particular facts of the parties but are rather generalized facts about the world. FED. R. EVID. 201, 1972 Advisory Committee Note; *see Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). The Court's review of legislative facts, which are predicates to legal rules, is unrestricted, and such facts are appropriately related in the argument portion of Plaintiffs' brief in support of summary judgment. *Id.*

ergonomic and safety features such as a telescoping stock, a pistol grip, and a muzzle device. Lane Dec. ¶¶ 3–4.

4. The Springfield Armory Saint rifle is an AR-15 platform rifle chambered for the 5.56x45mm NATO cartridge. Lane Dec. ¶¶ 4, 7.

5. Lane would, in fact, already have acquired this rifle, and would currently possess it, if it were not for the laws at issue in this case. Lane Dec. ¶ 7.

6. Lane has refrained from acquiring and possessing the Springfield Armory Saint rifle out of fear of being arrested and prosecuted for violating the laws at issue here. Lane Dec. ¶¶ 6, 8.

7. Lane would, if it were legal to do so, acquire a Springfield Armory Saint rifle immediately and use it for lawful purposes including self-defense. Lane Dec. ¶¶ 5, 8.

8. Lane does not possess a New York state semi-automatic rifle license, but if it were necessary to acquire a Springfield Armory Saint rifle, he would apply for a license. Lane Dec. ¶¶ 9–10.

9. Plaintiff James Sears is an adult resident of Westchester County, New York. Declaration of James Sears in Opp. to Defs.' Mot. to Dismiss ¶ 1 ("Sears Dec."), Dkt. No. 45 (June 5, 2023).

10. Sears would like to purchase and possess firearms banned by the laws challenged in this case. Sears Dec. ¶ 3.

11. Specifically, Sears would like to purchase an LMT MARS-L rifle, a semiautomatic firearm that can accept a detachable magazine and possesses several

ergonomic and safety features such as a telescoping stock, a pistol grip, and a muzzle device. Sears Dec. ¶¶ 3–4.

12. The LMT MARS-L rifle is an AR-15 platform rifle chambered for the 5.56x45 mm NATO cartridge. Sears Dec. ¶¶ 4, 8.

13. Sears would, in fact, already have acquired this rifle, and would currently possess it, if it were not for the laws at issue in this case. Sears Dec. ¶ 8.

14. Sears has refrained from acquiring and possessing the LMT MARS-L rifle out of fear of being arrested and prosecuted for violating the laws at issue here. Sears Dec. ¶¶ 7–9.

15. Sears would, if it were legal to do so, acquire an LMT MARS-L rifle immediately and use it for lawful purposes including self-defense. Sears Dec. ¶¶ 5, 9.

16. Sears possesses a New York state semi-automatic rifle license, but the license does not permit him to acquire an LMT MARS-L rifle. Sears Dec. ¶ 12.[2]

Dated: March 15, 2024                                  Respectfully Submitted,

Cody J. Wisniewski, Esq.*                              **FLUET**
**FPC ACTION FOUNDATION**                              By:  /s/ Nicolas J. Rotsko
Attorneys for Plaintiffs                               Nicolas J. Rotsko, Esq.
*J. Mark Lane and James Sears*                         Attorneys for Plaintiffs
5550 Painted Mirage Road, Suite 320                    *J. Mark Lane and James Sears*
Las Vegas, Nevada 89149                                1751 Pinnacle Drive, Suite 1000
                                                       Tysons, Virginia 22102
Adam J. Kraut, Esq.*                                   T: (703) 590-1234
**SECOND AMENDMENT**                                   F: (703) 590-0366
**FOUNDATION**                                         nrotsko@fluet.law
Attorneys for Plaintiffs                               e-file@fluet.law
*J. Mark Lane and James Sears*
12500 NE 10th Place                                    *Admitted pro hac vice
Bellevue, Washington 98005

---

[2] In accordance with the Court's Individual Rule II(B) ("A copy of the complaint shall accompany the moving papers."), attached as **Exhibit A** is the Complaint, Dkt. No. 1.