

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

May 10, 2024

**By ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Lane v. Rocah, et al.*, No. 22 Civ. 10989 (KMK)

Dear Judge Karas:

    The Office of the Attorney General represents Steven G. James, in his official capacity as Superintendent of the New York State Police, in the above-referenced action. Superintendent James writes to respectfully request permission to file a single memorandum of law of 30 pages in length, both in opposition to Plaintiffs' motion for summary judgment and in support of his own motion for summary judgment.

    The reason for this request is that, because of the nature of the legal analysis required under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Superintendent James must make not only the typical legal analysis attendant to summary judgment motions, but must also marshal and present a historical record on which the analysis is premised.

    Specifically, there is a dispute between the parties over whether the challenged statute, N.Y. Penal Law § 265.00(22), meets the threshold burden under *Bruen*, to demonstrate that the law applies to conduct covered by the Second Amendment. To assist the Court in its analysis, Superintendent James will therefore be providing a historical summary—supported by the declarations of professors of criminal justice, linguistics, and history—to establish that detachable magazines and the firearm accessories at issue constitute "arms" as that term was historically understood.

    To the extent the Court finds that the challenged conduct is covered by the Second Amendment, and therefore reaches the second *Bruen* "historical tradition" test, the burden shifts to Defendants to compare this modern regulation to historical analogues. *Cf. Mintz v. Chiumento*, No. 23 Civ. 795, 2024 WL 1361047, at *10 (N.D.N.Y. Mar. 20, 2024) ("To carry its burden, the government must provide historical precedent . . . that evinces a comparable tradition of

The Honorable Kenneth M. Karas
May 10, 2024

regulation." (quotation omitted)). Additionally, the Supreme Court emphasized that "cases implicating unprecedented societal concerns or dramatic technological changes require a more nuanced approach." *Bruen*, 597 U.S. at 27. As a result, Superintendent James will provide a discussion of the technological advancements that make assault weapons exceptionally dangerous, unusual, and unsuited for self-defense, and how the current law is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. Superintendent James therefore respectfully requests an additional five pages to properly place this factual and legal material into the record.

This is Superintendent James' second request for a page limit extension. The Court denied Defendants' request for 50 pages earlier this week, but allowed Defendants to submit "a more detailed letter" should we still believe more than the standard 25 pages were necessary. *See* Dkt. No. 75.

We thank the Court for its consideration of this request.

Granted.

So Ordered.

5/10/24

Respectfully submitted,

/s/ *Suzanna Publicker Mettham*
Suzanna Publicker Mettham
Brenda Cooke
James M. Thompson
Yuval Rubinstein
Assistant Attorneys General
28 Liberty Street
New York, NY 10005
suzanna.mettham@ag.ny.gov
brenda.cooke@ag.ny.gov
james.thompson@ag.ny.gov
yuval.rubinstein@ag.ny.gov

cc:   All counsel of record (via ECF)