# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| J. Mark Lane, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York, and STEVEN G. JAMES, in his official capacity as Acting Superintendent of the New York State Police,<br>            Defendants. | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT STEVEN G. JAMES' FIRST SET OF INTERROGATORIES**<br><br>Civil Action No.:<br>7:22-cv-10989-KMK |

---

Plaintiffs, by and through counsel, hereby provide their objections and responses to Defendant Steven G. James' First Set of Interrogatories, pursuant to Fed. R. Civ. P. 33.

## GENERAL OBJECTIONS

1.    The general objections lodged in Plaintiffs' objections and responses to Defendant James' First Set of Document Requests, dated April 5, 2024, are incorporated into this response to interrogatories as if fully stated herein.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify the full name and current or last known address of all individuals who have information relating to the allegations in the Complaint and/or who are likely to have discoverable information that Plaintiffs may use to support their claims. For each individual identified, designate the allegations in the Complaint, by paragraph number, of which the individual has knowledge or information.

**OBJECTION:** Plaintiffs object to this interrogatory because all of the facts relevant to this case (except for the adjudicative facts particular to the Plaintiffs' standing) are legislative facts, which are widely known by many people and which apply generally beyond this particular lawsuit. Requesting that Plaintiffs identify "all individuals" who have information about the generally applicable legislative facts is overbroad, unduly burdensome, and disproportionate to the needs of this case. *See* Objection to Document Request No. 1 for the distinction between legislative and adjudicative facts, incorporated herein.

**RESPONSE:**

- Plaintiff J. Mark Lane; Complaint ¶ 39

     Larchmont, NY .

- Plaintiff James T. Sears; Complaint ¶ 40

     Dobbs Ferry, NY .

**INTERROGATORY NO. 2:** Identify all documents relating to Plaintiffs' standing to bring this lawsuit.

**OBJECTION:** Plaintiffs object to this interrogatory because its request for "all documents" is overbroad, unduly burdensome, and disproportionate to the needs of this case. Please see Plaintiffs' objections to Document Request Nos. 12 & 13, incorporated herein.

**RESPONSE:** Please see Plaintiffs' responses to Document Request Nos. 12 & 13, incorporated herein. *See also* Bates Nos. PL015-PL018.

**INTERROGATORY NO. 3:** Identify any contacts with the New York State Police or Westchester County law enforcement concerning firearms.

**OBJECTION:** Plaintiffs object to this interrogatory because "contacts" is vague and ambiguous. Plaintiffs further object to this interrogatory because "Westchester County law

2

enforcement" is ambiguous. Plaintiffs understand that phrase to encompass the Westchester County Sheriff's Office and District Attorney's Office.

**RESPONSE:** Subject to the general and specific objections, Plaintiff Lane responds that he has had no such contacts, with the possible exception of reporting receipt of an FFL license; Plaintiff Sears responds that he has had no such contacts, except to apply for a New York State concealed carry permit and semi-automatic rifle license.

**INTERROGATORY NO. 4:** Identify all individuals with whom Plaintiffs discussed or communicated relating to the allegations in the Complaint from January 1, 2022 to the present.

**OBJECTION:** Plaintiffs object to this interrogatory on the grounds that it would be overbroad, unduly burdensome, and disproportionate to the needs to the case to require the Plaintiffs to examine every conversation they have had over a two year period to determine whether this lawsuit was mentioned. Such communications, if any existed, would be irrelevant to the Plaintiffs' standing.

**RESPONSE:** Subject to the general and specific objections, Plaintiffs recall discussing the allegations in the Complaint only with counsel, which are privileged communications.

**INTERROGATORY NO. 5:** Identify all documents relating to Plaintiffs' allegations in paragraphs 17 to 38 of the Complaint.

**OBJECTION:** Please see Plaintiffs' objections to Document Request Nos. 6 & 11, incorporated herein.

**RESPONSE:** Please see Plaintiffs' responses to Document Request Nos. 6 & 11, incorporated herein. In addition, and subject to the general and specific objections, Plaintiffs

3

have relied upon the below sources in formulating their case and reserve the right to rely on additional publicly available sources at later stages in this litigation:

- David B. Kopel, Rational Basis Analysis of "Assault Weapon" Prohibition, 20 J. CONTEMP. L. 381, 413 (1994).

- NSSF, 2021 Firearms Retailer Survey Report (2021), https://bit.ly/3gWhI8E

- NSSF, Firearm Production in the United States With Firearm Import and Export Data (2020), https://bit.ly/3v5XFvz

- NSSF, Firearm Production in the United States With Firearm Import and Export Data, (2023), https://bit.ly/42qYo7k

- NSSF, 2021 Firearms Retailer Survey Report (2021), https://bit.ly/3gWhI8E

- NSSF, Modern Sporting Rifle: Comprehensive Consumer Report (2022), available at https://bit.ly/3SSrVjM

- NSSF, Sport Shooting Participation in the U.S. in 2020 (2021), available at https://bit.ly/3sPuEQl

- Commonly Owned: NSSF Announces Over 24 Million MSRS in Circulation, NSSF (July 20, 2022), https://bit.ly/3QBXiyv

- NSSF, NSSF Releases Most Recent Firearm Production Figures (Jan. 11, 2024), https://www.nssf.org/articles/nssf-releases-most-recent-firearm-production-figures-2024/

- Nicholas J. Johnson, Supply Restrictions at the Margins of Heller and the Abortion Analogue: Stenberg Principles, Assault Weapons, and the Attitudinalist Critique, 60 HASTINGS L.J. 1285 (2009)

- E. Gregory Wallace, *"Assault Weapon" Lethality*, 88 TENN. L. REV. 1, 13–14 (2020)

- E. Gregory Wallace, *"Assault Weapon" Myths*, 43 S. ILL. U. L. J. 193, 228–29 (2018)

- William English, 2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned at 1–2 (May 13, 2022), https://bit.ly/3yPfoHw

- William English, 2021 National Firearms Survey: Analysis of Magazine Ownership and Use (May 4, 2023), https://bit.ly/3SUdKhD

- Poll of current gun owners, WASH. POST-IPSOS (2022), https://bit.ly/46CqzRa

- NSSF, First-Time Gun Buyers Grow to Nearly 5 Million in 2020, (Aug. 24, 2020), https://bit.ly/37xFH6F

- Joe Tacopino, *Pregnant Florida mom uses AR-15 to kill home intruder*, N.Y. POST (Nov. 4, 2019), https://nypost.com/2019/11/04/pregnant-florida-mom-uses-ar-15-to-kill-home-intruder/

- *Santa Monica Owner Protects His Store With Guns Amid Looting*, CBS L.A. (June 1, 2020), https://www.cbsnews.com/losangeles/news/santa-monica-owner-defends-his-store-with-guns-amid-looting/

- Austin Miller, *MCSO: 2 of 4 intruders dead, homeowner injured in home invasion*, OCALA STAR BANNER (July 10, 2019), https://www.ocala.com/story/news/crime/2019/07/11/mcso-2-of-4-intruders-dead-homeowner-injured-in-home-invasion/4715552007/

- Hannah Leone, *Gun instructor uses AR-15 to stop attacker in Oswego: "He was half a breath away from getting his head blown off,"* CHI. TRIB. (Mar, 1, 2018), https://www.chicagotribune.com/2018/03/01/gun-instructor-uses-ar-15-to-stop-attacker-in-oswego-he-was-a-half-a-breath-away-from-getting-his-head-blown-off/

- *Homeowner's son shoots, kills three would-be burglars*, FOX NEWS (Mar. 27, 2017), https://www.foxnews.com/us/homeowners-son-shoots-kills-three-would-be-burglars

- *Investigators: 15-year-old son of deputy shoots burglary suspect*, KHOU11 (June 29, 2010), https://www.khou.com/article/news/investigators-15-year-old-son-of-deputy-shoots-burglary-suspect/285-413200682

- John Allen, *Shooting Deemed Justifiable: Authorities Say Zach Peters Acted Lawfully When He Shot, Killed Three Intruders*, AMERICAN TRIBUNE (April 3, 20217), https://tulsaworld.com/community/wagoner/news/shooting-deemed-justifiable-authorities-say-zach-peters-acted-lawfully-when-he-shot-killed-three-intruders/article_ad51c988-72d3-556f-be54-6c9404a5fbab.html

- Nancy Loo, *Man Armed With AR-15 Stops Attack By Neighbor in Oswego*, WGN9 (Feb. 27, 2018), https://wgntv.com/news/man-armed-with-ar-15-stops-attack-by-neighbor-in-oswego/

- David French, Texas Hero Reportedly Used His Own AR to Confront the Sutherland Springs Shooter, NATIONAL REVIEW (Nov. 6, 2017) https://www.nationalreview.com/corner/texas-hero-reportedly-used-his-own-ar-confront-sutherland-springs-shooter/

- Garrett Pelican, Deputies: 30 Rounds Fired From AR-15 in Deadly Florida Home Invasion, NEWS4JAX (Apr. 17, 2018), https://www.news4jax.com/news/2018/04/17/deputies-30-rounds-fired-from-ar-15-in-deadly-florida-home-invasion/
- Police: Tallahassee homeowner shot 2 out of 4 home invasion suspects, all 4 charged, WTXL TALLAHASSEE (May 24, 2019), https://www.wtxl.com/news/local-news/tpd-investigating-home-invasion-robbery

**INTERROGATORY NO. 6:** Identify all documents relating to Plaintiff Lane's allegations in paragraph 39 of the Complaint, including but not limited to any documents relating to the Springfield Armory Saint rifle that Plaintiff Lane allegedly intends to purchase.

**OBJECTION:** Plaintiff Lane objects to this interrogatory because the specifications of the Springfield Armory Saint are equally accessible to the Defendant.  Please see Plaintiff Lane's objections to Document Request No. 12, incorporated herein.

**RESPONSE:** Please see Plaintiff Lane's response to Document Request No. 12, incorporated herein.

**INTERROGATORY NO. 7:** Identify all documents relating to Plaintiff Sears's allegations in paragraph 40 of the Complaint, including but not limited to any documents relating to the LMT MARS-L 5.56 rifle that Plaintiff Sears allegedly intends to purchase.

**OBJECTION:** Plaintiff Sears objects to this interrogatory because the specifications of the LMT MARS-L 5.56 rifle are equally accessible to the Defendant.  Please see Plaintiff Sears' objections to Document Request No. 13, incorporated herein.

**RESPONSE:**  Please see Plaintiff Sears' response to Document Request No. 13, incorporated herein.

**INTERROGATORY NO. 8:**  Identify each State and county in which any Plaintiff has applied for a firearms license, including the result of the application, or if the application is still pending, the current phase of the application process. Produce all documents relating to any Plaintiff's application for a firearms license from January 1, 2012 to the present.

**OBJECTION:**  Please see Plaintiffs' objections to Document Request No. 18, incorporated herein.  Plaintiffs further object that although even New York State licenses are irrelevant to the facts demonstrating Plaintiffs' standing, *Lane v. Rocah*, No. 22-CV-10989 (KMK), 2024 WL 54237, at *4-7 (S.D.N.Y. Jan. 4, 2024), out of state licenses are particularly irrelevant to this case.

**RESPONSE:**  Subject to the general and specific objections, Plaintiff Sears responds that he holds New York State concealed carry and semi-automatic rifle licenses, Bates Nos. PL017-PL018, a Pennsylvania license to carry firearms, Bates No. PL019, and a Utah concealed firearm permit, *id.*; Plaintiff Lane responds that he holds an FFL-03 license (Collector of Curios and Relics), Bates No. PL001, a Utah concealed firearm permit, Bates No. PL020, and a Connecticut ammunition certificate.  *Id.*

**INTERROGATORY NO. 9:**  Identify each occasion on which any Plaintiff has had contact with law enforcement, including any arrests, warrants of arrest, indictments, or convictions (including all felonies, misdemeanors, and violations).  For arrests or warrants, include the date of the arrest or warrant, the charges, and the jurisdiction in which the arrest or warrant was conducted, and a description of the circumstances.  For convictions, include

8

the date of the conviction, the charges of which any Plaintiff was convicted, and jurisdiction in which the conviction occurred.

**OBJECTION:** Please see Plaintiffs' objections to Document Request No. 23, incorporated herein. Plaintiffs further object to the vague and ambiguous usage of "contact," and "violations." Plaintiffs are interpreting "violations" to exclude minor infractions like parking tickets or speeding tickets, and "contact" to be limited to circumstances involving accusations of substantial wrongdoing.

**RESPONSE:** Subject to the general and specific objections, Plaintiff Sears responds that he has no criminal history, and has not been indicted for any crimes; Plaintiff Lane responds that he has no criminal history, and has not been indicted for any crimes.

**INTERROGATORY NO. 10:** Identify each occasion on which any Plaintiff has received inpatient treatment at a mental health facility, the provision of the New York Mental Hygiene Law that covered such admission, and a description of the circumstances.

**OBJECTION:** Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.

**RESPONSE:** Neither Plaintiff has received inpatient treatment at a mental health facility.

**INTERROGATORY NO. 11:** Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to any Plaintiff within the past ten (10) years for use of any controlled substance as defined by federal law at 21 U.S.C. § 802.

**OBJECTION:** Please see Plaintiffs' objections to Document Request No. 30, incorporated herein.

9

**RESPONSE:**  Neither Plaintiff has received such treatment.

**INTERROGATORY NO. 12:**  Identify any branch of the military in which any Plaintiff has served, whether State or Federal, and the conditions and date of Plaintiff's discharge.

**OBJECTION:**  Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.

**RESPONSE:**  Neither Plaintiff served in the military.

**INTERROGATORY NO. 13:**  Identify each occasion on which any Plaintiff has been involuntarily committed to a facility under the jurisdiction of the Department of Mental Hygiene pursuant to New York law, or has been civilly confined in a secure treatment facility pursuant to New York law.

**OBJECTION:**  Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.  Please see Plaintiffs' objections to Document Request No. 31, incorporated herein.

**RESPONSE:**  Neither Plaintiff has "been involuntarily committed" or "civilly confined" pursuant to New York law.

**INTERROGATORY NO. 14:**  Identify whether any Plaintiff has had a handgun license revoked or suspended, including the date and jurisdiction, and a description of the circumstances.

**OBJECTION:**  Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.  Please see Plaintiffs' objections to Document Request No. 18, incorporated herein.

**RESPONSE:**  Neither Plaintiff has had a handgun license revoked or suspended.

**INTERROGATORY NO. 15:** Identify whether any Plaintiff has had a driver's license revoked or suspended, including the date and jurisdiction, and a description of the circumstances.

**OBJECTION:** Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.

**RESPONSE:** Neither Plaintiff has had a driver's license revoked or suspended.

**INTERROGATORY NO. 16:** Identify whether any Plaintiff has held a hunting license, including the date and jurisdiction, and whether any such license has ever been suspended or revoked.

**OBJECTION:** Please see Plaintiffs' objections to Document Request No. 19, incorporated herein.

**RESPONSE:** Both Plaintiffs have held New York State hunting licenses, and neither has had a hunting license revoked. Please see Plaintiffs' responses to Document Request No. 19, incorporated herein.

**INTERROGATORY NO. 17:** Identify whether any Plaintiff has ever been issued a domestic violence restraining order, or any other type of order of protection, including the date and jurisdiction.

**OBJECTION:** Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.

**RESPONSE:** Neither Plaintiff has been issued such an order.

**INTERROGATORY NO. 18:** Identify whether any Plaintiff has had a guardian appointed for him pursuant to federal, state, or local law, or any other circumstance in which any

11

Plaintiff has been adjudicated to lack the mental capacity to contract or manage his own affairs. If so, please identify the date, jurisdiction, and circumstances of the determination.

**OBJECTION:** Plaintiffs object to this interrogatory on the grounds that it is irrelevant to their standing to bring this lawsuit.

**RESPONSE:** Neither Plaintiff has had a guardian appointed for him, nor has either Plaintiff been adjudicated to lack mental capacity.

**INTERROGATORY NO. 19:** Identify whether any Plaintiff has had an encounter with a criminal intruder in the home. If so, please provide a description of the circumstances and identify the date and jurisdiction of such incident and whether a police report was filed at such time.

**OBJECTION:** Please see Plaintiffs' objections to Document Request No. 26, incorporated herein.

**RESPONSE:** Neither Plaintiff has had a criminal intruder in the home. Please see Plaintiffs' responses to Document Request No. 26, incorporated herein.

**INTERROGATORY NO. 20:** Identify all instances in which any Plaintiff has communicated with nonparties, including any representatives of any corporation or activist group, regarding assault weapons, the Second Amendment, this action, or the firearms any Plaintiff allegedly wish to purchase, including any emails, texts, messages, internet postings, or other documents.

**OBJECTION:** Please see Plaintiffs' objections to Document Request Nos. 2, 3, 4, & 7, incorporated herein. Plaintiffs further object to this interrogatory on the grounds that it would be overbroad, unduly burdensome, and disproportionate to the needs to the case for the Plaintiffs to be required to examine every conversation they have ever had with any non-

party to determine whether any of these multiple subjects were mentioned, none of which are material to this case or the Plaintiffs' standing.

**RESPONSE:** Please see Plaintiffs' responses to Document Request Nos. 2, 3, 4, & 7, incorporated herein.

**INTERROGATORY NO. 21:** Identify each gun, firearm, or rifle which any Plaintiff owns or possesses.

**OBJECTION:** Please see Plaintiffs' objections to Document Request Nos. 17 & 27, incorporated herein.

**RESPONSE:** Please see Plaintiffs' objections to Document Request Nos. 17 & 27, incorporated herein.

Dated: April 5, 2024

Cody J. Wisniewski, Esq.*
**FPC ACTION FOUNDATION**
Attorneys for Plaintiffs
*J. Mark Lane and James Sears*
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
(916) 517-1665
cwi@fpchq.org


Adam J. Kraut, Esq.*
**SECOND AMENDMENT FOUNDATION**
Attorneys for Plaintiffs
*J. Mark Lane and James Sears*
12500 NE 10th Place
Bellevue, Washington 98005
(800) 426-4302
akraut@saf.org

*Admitted *pro hac vice*

Respectfully Submitted,

**FLUET**
By: */s/ Nicolas J. Rotsko*
Nicolas J. Rotsko, Esq.
Attorneys for Plaintiffs
*J. Mark Lane and James Sears*
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
nrotsko@fluet.law
e-file@fluet.law

13

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R. Civ. P. 11 that all statements set forth in this instrument that apply to Plaintiff J. Mark Lane are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this ___5th___ day of __April__, 2024.

_____
J. Mark Lane

14

VERIFIED BY CERTIFICATION under penalties as provided by law pursuant to F.R. Civ. P. 11 that all statements set forth in this instrument that apply to Plaintiff James T. Sears are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true on this __5th__ day of __April__, 2024.

_____
James T. Sears