# EXHIBIT I

Case 7:22-cv-10989-KMK   Document 79-9   Filed 05/15/24   Page 2 of 5

# A C T S

PASSED AT THE FIRST SESSION OF THE FOURTH GENERAL ASSEMBLY OF THE STATE OF TENNESSEE,

BEGUN AND HELD AT KNOXVILLE, ON MONDAY, THE TWENTY FIRST DAY OF SEPTEMBER, ONE THOUSAND EIGHT HUNDRED AND ONE.

## CHAPTER I.

An ACT to amend an act, entitled, " An act for the better establishment and regulation of the militia in this state." (PASSED NOV. 14, 1801.

Section 1. BE it enacted by the General Assembly of the State of Tennessee, That each regiment of militia in this state shall be divided into two battalions, by the regimental court martial at their next fitting after the passing of this act, having due respect to the conveniency of the different companies, without regard to bounds or number; and the officers of each battalion shall have the privilege of chusing their muster ground, except where the regiment has been previously divided by law, and in that case the division shall continue as heretofore, or be discontinued at the discretion of the court martial. The first battalion in each regiment shall hold a battalion muster on the first Thursday in April; the second battalion on the third Thursday in April annually; and a court martial shall be held in each battalion on the day succeeding the battalion muster; such musters and courts martial to be conducted under the same rules, regulations and restrictions as regimental musters and courts martial, referving to any person who may think himself aggrieved by any sentence of such court martial, the right of appeal to the next court martial of the regiment. And it shall be the duty of the adjutants to attend the battalion musters in their respective regiments, and of the judge advocates to attend the battalion courts martial, and they shall perform the same duties which they are required to perform at regimental musters and courts martial, and be allowed the same compensation. And the major appointed to the command of each battalion shall attend the battalion musters, and may preside in the courts martial, or may direct the senior officer present to preside; and if he should be absent, the officer next in rank shall perform the duties of the major at such muster or court martial.

Sec. 2. Be it enacted, That each regiment of infantry shall hold only one regimental muster in each year, at their respective court houses, on the Thursday immediately preceding the first day of holding the courts in the several counties, in either of the months of September, October, and November annually, except the second regiment of Davidson county, who shall hold their regimental muster at the place heretofore provided for by law, on the Thursday succeeding the court of said county, in the month of October in each and every year. And the brigadier general shall attend the several regimental musters in his brigade, at least once in two years, or oftener if he shall think necessary, and in such rotations he shall think proper, not inconsistent with this act, for the purpose of reviewing such regiment, & making such regulations as may appear to him necessary not otherwise inconsistent with this law. Provided,

Digitized from Best Copy Available

( 259 )

grants, deeds, or mesne conveyances not being proved and registered within this state, it shall and may be lawful for such person or persons to prove and register his, her, or their grants, deeds or mesne conveyances.

Sec. 2. *Be it enacted,* That this act shall be in force until the end of the next stated session of the general assembly.

CHAP. XXI.

An ACT *to amend an act, entitled,* " An act to ascertain the boundaries of land, and for perpetuating testimony.—PASSED NOVEMBER 6, 1801.

*B*E it enacted by the General Assembly of the State of Tennessee, That all the privileges, benefits, and advantages arising under or accruing to others, by virtue of an act, entitled, " An act to ascertain the boundaries of land, and for perpetuating testimony, passed at Knoxville in the year 1799, shall extend to the citizens resident south of French Broad and Holston, and between the rivers Big Pigeon and Tennessee, holding or claiming, or that may hold or claim land by right of occupancy, so far as may respect their rights to, or the conditional or boundary lines of their respective claims or rights of occupancy and pre-emption in that tract of country, any thing in the proviso to the fourth section of said recited act to the contrary notwithstanding.

CHAP. XXII.

An ACT *for the restraint of idle and disorderly persons.*—PASSED NOVEMBER 13, 1801.

WHEREAS it becomes necessary for the welfare of the community, to suppress wandering, disorderly and idle persons:

Section 1. BE *it enacted by the General Assembly of the State of Tennessee,* That any person or persons who have no apparent means of subsistence, or neglect applying themselves to some honest calling for the support of themselves and families, every person so offending, who shall be found sauntering about neglecting his business, and endeavoring to maintain himself by gaming or other undue means, it shall and may be lawful for any justice of the peace of the county wherein such person may be found, on due proof made, to issue his warrant for such offending person, and cause him to be brought before said justice, who is hereby empowered, on conviction, to demand security for his good behaviour, and in case of refusal or neglect, to commit him to the goal of the county, for any term not exceeding five days, at the expiration of which time he shall be set at liberty if nothing criminal appears against him, the said offender paying all charges arising from such imprisonment; and if such person shall be guilty of the like offence from and after the space of thirty days, he, so offending, shall be deemed a vagrant, and be subject to one month's imprisonment, with all costs accruing thereon, which if he neglects or refuses to pay, he may be continued in prison until the next court of the county, who may proceed to try the said offender, and if found guilty by a verdict of a jury of good and lawful men, said court may proceed to hire the offender for any space of time not exceeding six months, to make satisfaction for all costs, but if such person or persons so offending, be of ill fame, so that he or they cannot be hired for the costs, nor give sufficient security for the same and his future good behaviour, in that case it shall and may be lawful for the said court to cause the offender to recive not exceeding thirty nine lashes, on his bare back, after which he shall be set at liberty, and the costs arising thereon shall become a county charge; which punishment may

( 260 )

be inflicted as often as the person may be guilty, allowing thirty days between the punishment and the offence.

Sec. 2. *Be it enacted,* That it shall not be lawful for any person or persons of ill fame or suspicious character, to remove him or themselves from one county to another in this state, without first obtaining a certificate from some justice of the peace of said county or captain of his company, setting forth his intention in removing, whether to settle in said county, or if travelling, to set forth his business and destination, and if such traveller should be desirous to stay in any county longer than ten days, he shall first apply to some justice of said county for leave, and obtain a certificate for that purpose, setting forth the time of his permission, and if such person shall be found loitering in said county after the expiration of his permit, or fail to obtain the same agreeable to the true intent and meaning of this act, such person or persons so offending, may be apprehended by any person or persons, and carried before some justice of the peace, who may enquire into his character and business; and fine him at his discretion, not exceeding ten dollars: but if said traveller shall be found on examination, to be a person of ill fame, and there is reason to suspect he is loitering in said county for evil purpose, attempting to acquire a living by gambling, or other bad practices, such justice shall have power to commit any person of like character, until he shall find good and sufficient security for his good behaviour, for any time not exceeding ten days, and said justice of the peace or court of the county shall proceed against such offender, in the same manner as is heretofore prescribed for vagrants.

Sec. 3 *Be it enacted,* That all and every keeper or keepers, exhibitor or exhibitors, of either of the gaming tables commonly called A. B. C. or E. O. tables, or faro bank, or of any other gaming cloth table, or bank of the same, or like kind, under any denomination whatever, shall be deemed and treated as a vagrant, and moreover it shall be the duty of any judge or justice of the peace, by warrant under his hand, to order such gaming table or cloth to be seized and publicly burned or destroyed; said warrant shall be directed to some one constable within the county, whose duty it shall be, forthwith to execute the same: *Provided,* That nothing herein contained, shall be so construed as to extend to billiard tables.

Sec. 4. *Be it enacted,* That it shall not be lawful for any house keeper to harbor any idle person of the character aforesaid, for any longer time than is heretofore specified, under the penalty of twenty dollars for every such offence, to be recovered by warrant before any justice of the peace of the county where the offence is committed.

Sec 5 *Be it enacted,* That it shall be the duty of each justice of the peace, on information being made on oath to him or them, that there is a person or persons of the aforesaid description, loitering in his or their county, then and in that case he or they shall issue his or their warrant against such person or persons agreeable to this act: *And provided,* he or they shall neglect or refuse so to do, it shall be deemed a misdemeanor in office, for which he or they shall be impeachable, and on conviction be removed from office.

Sec 6 *Be it enacted,* That if any person or persons shall publicly ride or go armed to the terror of the people, or privately carry any dirk, large knife, pistol or any other dangerous weapon, to the fear or terror of any person, it shall be the duty of any judge or justice, on his

Digitized from Best Copy Available

( 261 )

own view, or upon the information of any other person on oath, to bind such person or persons to their good behaviour, and if he or they fail to find securities, commit him or them to goal, and if such person or persons shall continue so to offend, he or they shall not only forfeit their recognizance, but be liable to an indictment, and be punished as for a breach of the peace, or riot at common law.

Sec. 7. *Be it enacted*, That if any person or persons shall unlawfully cut out or disable the tongue, put out an eye, slit a nose, bite or cut off a nose, ear or lip, or cut off or disable any limb or member, or stab any person whatsoever, in doing so, to maim, wound or disfigure in any of the manners before mentioned, such person or persons so offending, their counsellors, aiders and abettors, knowing of, and privy to the offence, shall be and are hereby declared to be felons, and shall suffer as in case of felony: *Provided nevertheless*, he or they shall be entitled to benefit of clergy, and be further liable to an action of damages to the party injured.

Sec. 8. *Be it enacted*, That all fines inflicted by this act, shall be one half to him that will sue for the same, and the other half to the use of the county.

Sec. 9. *Be it enacted*, That all laws and parts of laws, which come within the meaning and purview of this act, are hereby repealed.

## CHAP. XXIII.

AN ACT *to authorise the several county courts of pleas and quarter sessions to remit and mitigate fines and forfeitures on recognizances as therein mentioned* —(PASSED OCTOBER 12, 1801.)

Section 1. BE it enacted by the General Assembly of the State of Tennessee, That the several courts of pleas and quarter sessions in this state, shall have power to remit or mitigate all fines by them inflicted, and all forfeitures on recognizances, previous to entering final judgment thereon: Provided, a majority, or any number not less than nine of the justices of said county be present when such remittance or mitigation shall be made.

Sec. 2. *Be it enacted*, That so much of any other act as comes within the purview and meaning of this act is hereby repealed.

## CHAP. XXV.

AN ACT *concerning administrations granted on the estates of persons dying intestate, therein mentioned* —(PASSED NOVEMBER 10, 1801.)

WHEREAS heretofore the courts of pleas and quarter sessions, during the being of the temporary government called Franklin, granted administrations on the estates of persons who died intestate, and have issued letters of administration accordingly, in virtue and by authority of which, the persons so administering, have proceeded to administer upon the goods and chattels, rights and credits of their intestates respectively: And whereas it will contribute to the peace and quiet of families, that administrations on such estates, so as aforesaid granted, be deemed and declared valid,

Sec. 1. BE it enacted by the General Assembly of the State of Tennessee, That all administrations granted by any of the said courts of pleas and quarter sessions, and letters of administration by any of the aforesaid courts issued, on the estate or estates of any person who died intestate, and all proceedings in virtue of such letters of administration had and done, of, and concerning any such estate, agreeably to, and in conformi-