UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

J. MARK LANE and JAMES SEARS,

                Plaintiffs,

  - against -

STEVEN G. JAMES, in his official capacity as Acting
Superintendent of the New York State Police, and
MIRIAM E. ROCAH, in her official capacity as District
Attorney for the County of Westchester, New York,

                Defendants.

------------------------------------------------------------------x

22 Civ. 10989 (KMK)

# DEFENDANT DISTRICT ATTORNEY MIRIAM E. ROCAH'S MEMORANDUM OF LAW JOINING DEFENDANT STEVEN G. JAMES' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ..........................................................................................1
STANDARDS OF REVIEW................................................................................................2
ARGUMENT........................................................................................................................2
CONCLUSION.....................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Antonyuk v. Chiumento*,
   89 F.4th 271 (2d Cir. 2023) ................................................................................................3

*Bevis v. City of Naperville*,
   85 F.4th 1175 (7th Cir. 2023) ..............................................................................................3

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................2

*Dist. of Columbia v. Heller*,
   554 U.S. 570 (2008) ............................................................................................................3

*Kulak v. City of New York*,
   88 F.3d 63 (2d Cir. 1996) ....................................................................................................2

*McDonald v. City of Chicago, IL*,
   561 U.S. 742 (2010) ............................................................................................................3

*N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*,
   597 U.S. 1 (2022) ........................................................................................................1, 2, 3

*N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*,
   804 F.3d 242 (2d Cir. 2015) ................................................................................................1

*Ocean State Tactical, LLC v. Rhode Island*,
   95 F.4th 38 (1st Cir. 2024) ..................................................................................................4

*Porter v. Quarantillo*,
   722 F.3d 94 (2d Cir. 2013) ..................................................................................................2

*Union Crowdfunding, Inc. v. New Street Enter., Inc.*,
   507 F. Supp. 3d 547 (S.D.N.Y. 2020) .................................................................................3

*Westinghouse Credit Corp. v. D'Urso*,
   278 F.3d 138 (2d Cir. 2002) ................................................................................................2

**RULES**

   F.R.C.P. 56 ..........................................................................................................................2
   F.R.E. 802 ...........................................................................................................................2

# PRELIMINARY STATEMENT

Plaintiffs bring a facial challenge to New York's prohibition of semiautomatic rifles outfitted with detachable magazines and accessories, such as pistol grips and grenade launchers, because they wish to purchase "AR-15 style" semiautomatic rifles—used in a violent history of mass shootings—but are precluded from doing so. Although the Second Circuit upheld the constitutionality of these provisions in *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242 (2d Cir. 2015), Plaintiffs contend that *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), entitles them to sweeping declaratory and injunctive relief. Plaintiffs' interest in seeking to possess these firearms is not born out of an interest in self-defense, but rather in the possession of dangerous and unusual weapons, which they acknowledge are likely to generate fear and terror.

To this end, District Attorney MIRIAM E. ROCAH (hereinafter, "D.A. Rocah") hereby submits this memorandum of law joining Defendant STEVEN G. JAMES' (hereinafter, "Defendant James") (1) opposition to Plaintiffs J. MARK LANE (hereinafter, "Plaintiff Lane") and JAMES SEARS (hereinafter, "Plaintiff Sears" or collectively, "Plaintiffs") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter, "Plaintiffs' Motion") and (2) in support of James' cross-motion for Summary Judgment. (hereinafter, "Defendant James' Motion"). D.A. Rocah concurs with and joins in the arguments, evidence and authorities relied upon in the NYAG's memorandum and supporting documents filed on this date.

Accordingly, summary judgment in favor of the NYAG and Defendant James warrants dismissal of the Complaint as to D.A. Rocah.

## STANDARD OF REVIEW

In a motion for summary judgment, the Court determines whether, viewing the record evidence presented by the parties and inferences in the light most favorable to the non-moving party, the absence of genuine issues of material fact entitles the moving party to judgment as a matter of law. *See* F.R.C.P. 56(a); *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 145 (2d Cir. 2002). "[C]onclusory statements, conjecture, or speculation by the party resisting the motion" will not defeat a motion for summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). The nonmoving party must "go beyond the pleadings, and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting F.R.C.P. 56(e)).

## ARGUMENT

As set forth in Defendant James' Motion, Plaintiffs have failed to meet their burden on summary judgment as they have not produced any admissible evidence as to the essential elements of their claim to relief. In particular, Plaintiffs have not produced any admissible evidence regarding how assault rifles work or their place in American society within the context of "the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24. To this point, Plaintiffs forego reliance on expert declarations and fatally rest on hearsay citations to law review articles, online blog posts, and surveys by the National Shooting Sports Foundation ("NSSF"), the gun industry's lobbying group (Plaintiffs' Memorandum of Law ("Pl. Memo."), Dkt. No. 72 at 12-16; *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) citing F.R.E. 802 (out-of-court statements offered to prove the truth of the matter asserted in the statement are inadmissible under the hearsay rule); *Union Crowdfunding, Inc. v. New Street Enter., Inc.*, 507 F. Supp. 3d 547, 571 (S.D.N.Y.

2020) ("[A] party cannot rely on inadmissible hearsay in support of or in opposition to a motion for summary judgment" because "[i]n assessing motions for summary judgment, courts may consider only evidence that would be admissible at trial.")).

Plaintiffs have not presented any admissible evidence showing the weapons they desire are weapons "in common use" today for self-defense or are anything other than dangerous and unusual weapons outside the Second Amendment's scope (*see Bruen*, 597 U.S. at 32 (as to which Plaintiffs bear the burden of proof); *Antonyuk v. Chiumento*, 89 F.4th 271, 383 (2d Cir. 2023); *accord Bevis v. City of Naperville*, 85 F.4th 1175, 1194 (7th Cir. 2023); *Dist. of Columbia v. Heller*, 554 U.S. 570, 627 (2008)). Rather, Plaintiffs argue these rifles are in common use based upon their "popularity" and are commonly used because "millions of Americans own tens of millions of them[.]" Pl. Memo. at 12-15. *Bruen* reaffirmed the core holding of *Heller* and *McDonald v. City of Chicago, IL*, 561 U.S. 742 (2010) and made it clear only "weapons in common use today for self-defense" fall within the Second Amendment's ambit. 597 U.S. at 32. In other words, the common use analysis focuses on the weapon's functionality and suitability for civilian self-defense, not mere popularity. To this point, D.A. Rocah agrees with the NYAG that ample evidence shows these types of weapons are commonly used by civilians, offensively, to commit mass shootings rather than for self-defense. As such, said weapons are in fact military-style weapons of war and are dangerous and unusual among civilians.

Therefore, D.A. Rocah agrees that the NYAG's cross-motion for summary judgment should be granted as New York's prohibition on such deadly weapons is "consistent with this Nation's historical tradition of firearm regulation," *Bruen*, 797 U.S. at 17, because that "historical tradition recognizes the need to protect against the greater dangers posed by some weapons (as compared to, for example, handguns) as a sufficient justification for firearm regulation." *Ocean*

3

*State Tactical, LLC v. Rhode Island*, 95 F.4th 38, 49 (1st Cir. 2024). Indeed, "[f]ounding-era society faced no risk that one person with a gun could, in minutes, murder several dozen individuals." *Id.*

## CONCLUSION

Based on the foregoing, D.A. Rocah respectfully requests that Plaintiffs' motion for summary judgment should be denied as to her and Defendant James' cross-motion for summary judgment should be granted as to her. Plaintiffs' Complaint therefore should also be dismissed against D.A. Rocah with prejudice. The Court should grant such other and further relief as it deems just and proper.

Date: May 15, 2024

By: _____
Gianfranco Arlia, Esq.
Assistant County Attorney
Office of the Westchester County Attorney
148 Martine Avenue, 6th Floor
White Plains, New York 10601

To:   *All Parties via ECF*