UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J. MARK LANE and JAMES SEARS,

                Plaintiffs,

- against -

STEVEN G. JAMES, in his official capacity as Acting Superintendent of the New York State Police, and MIRIAM E. ROCAH, in her official capacity as District Attorney for the County of Westchester, New York,

                Defendants.

No. 22-cv-10989 (KMK)

---

### DEFENDANT STEVEN G. JAMES' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(b) of the United States District Court for the Southern and Eastern Districts of New York, Defendant Steven G. James, Acting Superintendent of the New York State Police ("Superintendent James"), respectfully submits the following Response to Plaintiffs' Statement of Undisputed Material Facts, (ECF No. 73), as follows:

### GENERAL OBJECTIONS

Superintendent James objects to any statement that is not supported by a citation to admissible evidence.

Superintendent James objects to Plaintiffs' representation in Footnote One that facts Plaintiffs deem to be "legislative facts" need not be cited in their Rule 56.1 Statement, and respectfully refers the Court to pages 4-6 of the accompanying Memorandum of Law.

**RESPONSES TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff J. Mark Lane is an adult resident of Westchester County, New York. Declaration of J. Mark Lane in Opp. to Defs.' Mot. to Dismiss ¶ 1 ("Lane Dec."), Dkt. No. 44 (June 5, 2023).

**RESPONSE:** Undisputed.

2. Lane would like to purchase and possess firearms banned by the laws challenged in this case. Lane Dec. ¶ 3.

**RESPONSE:** Undisputed that Lane states in ¶ 3 of his June 5, 2023 declaration that he intends to purchase and possess a Springfield Armory Saint rifle.

3. Specifically, Lane would like to purchase a Springfield Armory Saint rifle, a semiautomatic firearm that can accept a detachable magazine and has several ergonomic and safety features such as a telescoping stock, a pistol grip, and a muzzle device. Lane Dec. ¶¶ 3–4. 4. The Springfield Armory Saint rifle is an AR-15 platform rifle chambered for the 5.56x45mm NATO cartridge. Lane Dec. ¶¶ 4, 7.

**RESPONSE:** Undisputed that the Springfield Armory Saint is an AR-15 semiautomatic firearm that is capable of accepting a detachable magazine, and is chambered for the 5.56x45 mm NATO cartridge. Disputed that the telescoping stock, pistol grip, and muzzle device are "ergonomic and safety features." *See* Declaration of James Yurgealitis ¶ 110, 111, 112 (describing how these features facilitate offensive use of assault weapons).

4. The Springfield Armory Saint rifle is an AR-15 platform rifle chambered for the 5.56x45mm NATO cartridge. Lane Dec. ¶¶ 4, 7.

**RESPONSE:** Undisputed.

5. Lane would, in fact, already have acquired this rifle, and would currently possess it, if it were not for the laws at issue in this case. Lane Dec. ¶ 7.

2

**RESPONSE:** Undisputed that Lane makes this statement in his June 5, 2023 declaration. Disputed, to the extent that Lane does not possess a semiautomatic rifle license issued by the State of New York, and thus *could* not already possess the rifle. Lane's subjective intent to "already" acquire the rifle is immaterial.

6. Lane has refrained from acquiring and possessing the Springfield Armory Saint rifle out of fear of being arrested and prosecuted for violating the laws at issue here. Lane Dec. ¶¶ 6, 8.

**RESPONSE:** Undisputed that Lane makes this statement in his June 5, 2023 declaration. Lane's subjective reason for "refrain[ing]" from purchasing the rifle is immaterial.

7. Lane would, if it were legal to do so, acquire a Springfield Armory Saint rifle immediately and use it for lawful purposes including self-defense. Lane Dec. ¶¶ 5, 8.

**RESPONSE:** Disputed that Lane would use the Springfield Armory Saint rifle in self-defense. Lane described any potential situation where he would need to use a gun to defend himself as "speculation," and testified only, "I mean, I don't know. It could happen." *See* Exhibit B to the Declaration of Suzanna Publicker Mettham ("SPM Dec."), Transcript of the May 1, 2024 deposition of Plaintiff J. Mark Lane at 46:24-47:8. Lane does not have personal knowledge of any incident where someone used an AR-15 style rifle in defense of themselves or others. *Id.* at 165:5-166:4.

8. Lane does not possess a New York state semi-automatic rifle license, but if it were necessary to acquire a Springfield Armory Saint rifle, he would apply for a license. Lane Dec. ¶¶ 9–10.

**RESPONSE:** Undisputed that Lane does not possess a New York State semi-automatic rifle license. Disputed as to *whether* it is "necessary" for Lane to acquire a Springfield Armory Saint rifle.

9. Plaintiff James Sears is an adult resident of Westchester County, New York. Declaration of James Sears in Opp. to Defs.' Mot. to Dismiss ¶ 1 ("Sears Dec."), Dkt. No. 45 (June 5, 2023).

**RESPONSE:** Undisputed.

10. Sears would like to purchase and possess firearms banned by the laws challenged in this case. Sears Dec. ¶ 3.

**RESPONSE:** Undisputed that Sears states in ¶ 3 of his June 5, 2023 declaration that he intends to purchase and possess an LMT MARS-L rifle.

11. Specifically, Sears would like to purchase an LMT MARS-L rifle, a semiautomatic firearm that can accept a detachable magazine and possesses several ergonomic and safety features such as a telescoping stock, a pistol grip, and a muzzle device. Sears Dec. ¶¶ 3–4.

**RESPONSE:** Undisputed that the Springfield Armory Saint is a semiautomatic firearm that is capable of accepting a detachable magazine. Disputed that the telescoping stock, pistol grip, and muzzle device are "ergonomic and safety features." *See* Declaration of James Yurgealitis ¶ 110, 111, 112 (describing how these features facilitate offensive use of assault weapons).

12. The LMT MARS-L rifle is an AR-15 platform rifle chambered for the 5.56x45 mm NATO cartridge. Sears Dec. ¶¶ 4, 8.

**RESPONSE:** Undisputed.

13. Sears would, in fact, already have acquired this rifle, and would currently possess it, if it were not for the laws at issue in this case. Sears Dec. ¶ 8.

**RESPONSE:** Undisputed that Sears makes this statement in his June 5, 2023 declaration. Lane's subjective intent to "already" acquire the rifle is immaterial.

14. Sears has refrained from acquiring and possessing the LMT MARS-L rifle out of fear of being arrested and prosecuted for violating the laws at issue here. Sears Dec. ¶¶ 7–9.

**RESPONSE:** Undisputed that Sears makes this statement in his June 5, 2023 declaration. Sears' subjective reason for "refrain[ing]" from purchasing the rifle is immaterial.

15. Sears would, if it were legal to do so, acquire an LMT MARS-L rifle immediately and use it for lawful purposes including self-defense. Sears Dec. ¶¶ 5, 9.

**RESPONSE:** Disputed that Sears would use the LMT MARS-L rifle in self-defense. Sears testified that he has never needed to use a gun to defend himself, does not anticipate a need to, and is not aware of any threat that would require it. *See* Exhibit A to SPM Dec., Transcript of the May 1, 2024 deposition of Plaintiff James Sears ("Sears Dep."), at 24:23-25:19. Sears does not know anyone who has ever used an assault rifle to defend themselves, or have personal knowledge of any incident when anyone has ever used an assault rifle in defense of themselves or others. *Id.* at 88:21-89:13.

16. Sears possesses a New York state semi-automatic rifle license, but the license does not permit him to acquire an LMT MARS-L rifle. Sears Dec. ¶ 12.

**RESPONSE:** Undisputed. However, Sears testified that there are other AR-style rifles available at New York gun stores, and that he owns an AR-style rifle that complies with New York law. Sears Dep. 21:16-23:18; 94:6-15.

Dated: New York, New York
        May 15, 2024

        Attorney General
        State of New York
        *Attorney for Superintendent Steven G. James*

        By:

        *Suzanna Publicker Mettham*
        Suzanna Publicker Mettham
        Brenda Cooke
        James M. Thompson
        Yuval Rubinstein
        *Assistant Attorneys General*
        28 Liberty Street
        New York, New York 10005
        suzanna.mettham@ag.ny.gov
        brenda.cooke@ag.ny.gov
        james.thompson@ag.ny.gov
        yuval.rubinstein@ag.ny.gov