

(703) 590-1234 Tel      1751 Pinnacle Drive, Suite 1000
(703) 590-0366 Fax     Tysons, VA 22102
                       www.fluet.law

**VIA CM/ECF**                                                    April 8, 2025

Hon. Kenneth M. Karas
United States District Court
for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

     **Re:**    *Lane, et al. v. James, et al.,* **Case No.: 7:22-cv-10989 (Karas, J.)**

Dear Judge Karas:

     This letter is jointly submitted by the parties, pursuant to your Honor's directive during the status conference held April 1, 2025. The parties have conferred and propose to stay this matter pending the outcome of two appellate proceedings concerning the proper application of the text-and-history analysis from *Heller* and *Bruen* to Maryland and Connecticut laws that are very similar to the New York State measure challenged here.

     First, in *Snope v. Brown* (U.S. Supreme Court Case No. 24-230), the *en banc* U.S. Court of Appeals for the Fourth Circuit upheld Maryland's ban on a statutorily-defined subset of semiautomatic rifles, finding that such firearms are not encompassed by the plain text of the Second Amendment *(sub nom Bianchi v. Brown,* 111 F.4th 438 (4th Cir. 2024)). The *Snope* plaintiffs petitioned the U.S. Supreme Court for a writ of *certiorari* in August 2024. The *Snope* <u>certiorari</u> petition (at 2–3, 22–25) seeks, among other things, the Court's clarification that the "common use" test is appropriately considered when looking to history, rather than during the court's initial textual analysis. The *Snope* petition has been relisted for conference nine times to date and, with no action taken on it in the most recent conference (April 4), it appears that it imminently will be relisted a tenth time. If *certiorari* is granted in *Snope*, the resulting decision is likely to directly affect the doctrinal standards and burden(s) of proof governing trial in this case, and may dictate the outcome of this case altogether.

     Second, the district court's decision in *National Association of Gun Rights v. Lamont,* 685 F. Supp. 3d 63 (D. Conn. 2023), is currently on appeal at the U.S. Court of Appeals for the Second Circuit (Case No. 23-1162), where oral argument was held in October 2024. Among other issues raised in that appeal is again whether the "common use" test should be applied as part of the plain text analysis, or instead as the historical analysis, and whether the test is limited to "common use for self-defense." The Second



(703) 590-1234 Tel          1751 Pinnacle Drive, Suite 1000
(703) 590-0366 Fax          Tysons, VA 22102
                            www.fluet.law

Circuit's decision in *NAGR* is likely to affect conduct of the trial in this case, unless that decision is superseded by a Supreme Court decision on the same issues in *Snope*.

The parties therefore propose to stay this case until the later of:

(1) a Supreme Court grant of *certiorari* and subsequent merits decision in *Snope*, or

(2) a Supreme Court denial of *certiorari* in *Snope*, and a Second Circuit decision in *NAGR*.

To remove any doubt, if the Supreme Court grants *certiorari* in *Snope*, the subsequent merits decision in that case would be the operative event to lift the stay. If the Supreme Court denies *certiorari* in *Snope*, the Second Circuit's decision in *NAGR* would be the operative event to lift the stay. The parties further propose to submit a joint status report to the Court within two weeks after the later of these events occurs.

The parties remain available to further confer with your Honor as needed.

The Parties' proposal regarding a stay of
this case is acceptable to the Court. The
Court asks that the Parties keep the Court
informed if any of the events discussed            Respectfully submitted,
herein triggers the end of the stay.

So Ordered
4/9/25                                             Nicolas J. Rotsko

cc:    Counsel of record (*via CM/ECF*)