

                                  (703) 590-1234 Tel      1751 Pinnacle Drive, Suite 1000
                                  (703) 590-0366 Fax     Tysons, VA 22102
                                                                  www.fluet.law

**VIA CM/ECF**                                                                                            October 9, 2025

Hon. Kenneth M. Karas
United States District Court
for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

        Re:     *Lane v. Cacace,* Case No.: 7:22-cv-10989 (Karas, J.)

Dear Judge Karas:

        We represent Plaintiffs in this matter.  This letter is submitted jointly on behalf of all parties.  As noted in the parties' letters to the Court dated September 4, 2025 (Dkt. No. 105), and September 22, 2025 (Dkt. No. 107), all parties agree that the Second Circuit's decision in *National Association of Gun Rights v. Lamont* (Case No. 23-1162) governs this case and requires judgment to be entered in favor of the Defendants.  A recent development is that late last week NAGR filed a petition for *certiorari* (contrary to prior indications that it did not intend to do so).

        The parties have conferred about the proper procedural vehicle for this juncture of the case, and have identified two alternative options to propose to the Court.

- The first option is for the parties to file a joint motion for reconsideration of their previously filed cross-motions for summary judgment (Dkt. Nos. 71, 78), in light of *NAGR v. Lamont*, with each side to file a five-page supplemental memorandum of law addressing that decision and any other new precedent a party deems relevant.

- The Plaintiffs suggest a second option is worth considering because it could conserve the resources of the parties and the Court, where this case is stayed pending the outcome of NAGR's cert petition.  Plaintiffs raise this in light of [Justice Kavanaugh's comment](#) on the *Snope* cert denial, where he included *NAGR v. Lamont* among the list cases then making their way through the Courts of Appeals that "should assist [SCOTUS's] ultimate decisionmaking on the AR-15 issue" and that SCOTUS "should and presumably will address the AR-15 issue soon, in the next Term or two" after cert petitions are filed from among those cases.  The Defendants oppose a stay, as it is speculative that the Supreme Court will take the *NAGR* case only a few months after



(703) 590-1234 Tel
(703) 590-0366 Fax

1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
www.fluet.law

denying certiorari in *Snope* this June, and there is no circuit split on the proposition that assault weapon laws are constitutional.

      Should the Court prefer the parties to proceed with the motion for reconsideration rather than a continued stay, the parties understand that this would constitute the permission required for such a motion under Local Civil Rule 6.3 (leave of Court required for reconsideration if more than 14 days have passed since entry of the subject Order). If the Court prefers the motion for reconsideration, the parties propose a thirty-day period in which to file it.

      We are available to discuss this proposal with the Court as needed, and thank the Court for its time and consideration.

                              Respectfully submitted,

                              Nicolas J. Rotsko

cc:    Counsel of record (*via CM/ECF*)