UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

J. MARK LANE, et al.,

        Plaintiffs,

      v.                                          Civil Action No.:
                                                           7:22-cv-10989-KMK
STEVEN G. JAMES, in his official capacity as Acting
Superintendent of the New York State Police, and
SUSAN CACACE, in her official capacity as District
Attorney for the County of Westchester, New York,

        Defendants.
_____

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF JOINT MOTION FOR RECONSIDERATION

Respectfully submitted,

| | |
|---|---|
| FPC ACTION FOUNDATION | FLUET |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| 5550 Painted Mirage Rd. | *J. Mark Lane and James Sears* |
| Ste. 320 | 1751 Pinnacle Drive, Suite 1000 |
| Las Vegas, NV 89149 | Tysons, Virginia 22102 |
| (615) 955-4306 | (703) 590-1234 |
| | |
| Cody J. Wisniewski, Esq. | Nicolas J. Rotsko, Esq. |
|    -Of Counsel- |    -Of Counsel- |

SECOND AMENDMENT
FOUNDATION
Attorneys for Plaintiffs
12500 NE 10th Place
Bellevue, WA, 98005
(800) 426-4302

Adam J. Kraut, Esq.
   -Of Counsel-

i

## INTRODUCTION AND BACKGROUND

This case challenges the provisions of New York State's Penal Law that ban so-called "assault weapons" ("Firearm Ban" or "Ban") on the grounds that Defendants' enforcement of the Ban violates the Second Amendment protected rights of the Plaintiffs. The parties cross-moved for summary judgment (Dkt. Nos. 71, 78), which were both denied (Dkt. No. 99). The case was stayed (Dkt. No. 101) pending, among other things, the U.S. Court of Appeals for the Second Circuit's consideration of Connecticut's analogous ban on so-called "assault weapons" in *National Association of Gun Rights v. Lamont*, 153 F.4th 213 (2d Cir. 2025) ("*NAGR*"), where the Second Circuit upheld the constitutionality of Connecticut's ban. In light of the impact of *NAGR* on the dispositive legal issues in this case, Plaintiffs hereby seek reconsideration of their motion for summary judgment, pursuant to Local Rule 6.3. Upon reconsideration, *NAGR* leaves this Court no choice but to deny Plaintiffs' motion for summary judgment and grant the Defendants' cross-motion for summary judgment.

## ARGUMENT

In their motion for summary judgment, Plaintiffs explained that under the United States Supreme Court's text as informed by history test laid out in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the state's Firearm Ban is unconstitutional. The banned semi-automatic rifles are "arms" under the plain text of the Second Amendment to the United States Constitution. Possessing and using those arms is encompassed within the meaning of "keep and bear." Because the Firearm Ban regulates conduct encompassed by the plain text of the Second Amendment, the state bears the burden of demonstrating that the Ban is consistent with the historical American tradition of firearms regulation. Plaintiffs argued that the state cannot bear its burden here,

1

because as the Supreme Court explained in *Heller*, the historical tradition of banning arms extends only to "dangerous and unusual" weapons, not those weapons, such as the semiautomatic rifles at issue here, that are in common use by law-abiding citizens for lawful purposes.

In *NAGR*, the Second Circuit reasoned contrary to this analysis, and instead "join[ed] the First, Fourth, Seventh, Ninth, and D.C. Circuits (every Circuit to address the question) in approving restrictions on assault weapons and large capacity magazines and in recognizing a historical tradition of regulating unusually dangerous weapons after their use in terror or to perpetuate mass casualties." 153 F.4th 213, 246 n.40.

First, the court "assume[d] without deciding that the desired firearms . . . are bearable arms within the meaning of the Second Amendment and that their acquisition and possession is presumptively entitled to constitutional protection." *Id.* at 235. In doing so, the court opined that *Heller* and *Bruen* "do not hold that the Second Amendment *necessarily* protects *all* weapons in common use. They do not shield popular weapons from review of their potentially unusually dangerous character." *Id.* at 232–33 (emphasis in original).[1]

Second, the court concluded that the government "satisfied its burden of showing that the challenged laws are consistent with our Nation's historical tradition of firearm regulation." *Id.* at 222. It found that so-called "assault weapons" bans are consistent with "historical antecedents that imposed targeted restrictions on unusually dangerous weapons of an offensive character—dirk and Bowie knives, as well as machine guns and submachine guns—after they were used by a single perpetrator to kill multiple people at one time or to inflict

---

[1] *See also id.* at 234 ("*Unusually dangerous* is the obvious fit to describe weapons that are so lethal that legislators have presumed that they are not used or intended to be used for lawful purposes, principally individual self-defense.") (emphasis in original).

terror in communities." *Id.* at 236. The so-called "assault weapons" bans "impose a burden comparable to historical antecedents that regulated other unusually dangerous weapons unsuitable for and disproportionate to the objective of individual self-defense." *Id.* at 222. Further, the court found that "contemporary assault weapons represent dramatic technological changes" and that mass shootings are an unprecedented issue of societal concern, both of which the court concluded support the constitutionality of "assault weapons" bans. *Id.* at 237-38.

     Plaintiffs respectfully disagree with *NAGR*. As discussed above, Plaintiffs' position has been throughout this litigation, and remains today, that an arm that is "in common use" cannot be banned consistent with the Second Amendment as the Supreme Court has bindingly interpreted it. Plaintiffs agree that possession of the arms at issue here is clearly protected by the plain meaning of the Second Amendment, and thus that the burden rests upon the state to justify its Ban. Plaintiffs, however, maintain that the arms at issue here—semiautomatic rifles—are exceedingly common, both by number and by jurisdiction, and thus cannot be both "dangerous *and* unusual." Plaintiffs also note that the Second Circuit's articulation of the Supreme Court's binding interpretation of the Second Amendment, namely its invention of the "unusually dangerous" standard as the only relevant analysis, is deeply flawed. The Circuit's deference to the state legislature is the exact type of deference that the Supreme Court forbade in *Heller* and *Bruen*. Plaintiffs thus seek to have *NAGR* overturned by a court competent to do so. But they recognize that this Court is bound to follow it, and *NAGR* has decided the dispositive legal issues in this case, leaving this Court with no option other than to enter judgment against the Plaintiffs.

3

## CONCLUSION

For the foregoing reasons, the Court should grant the Parties' joint motion for reconsideration, and upon reconsideration in light of *NAGR*, deny Plaintiffs' motion for summary judgment and grant Defendants' cross-motion for summary judgment.

Respectfully submitted, this 10th day of November, 2025.

| | |
|---|---|
| Cody J. Wisniewski, Esq.* | **FLUET** |
| **FPC ACTION FOUNDATION** | By: */s/ Nicolas J. Rotsko* |
| Attorneys for Plaintiffs | Nicolas J. Rotsko, Esq. |
| *J. Mark Lane and James Sears* | Attorneys for Plaintiffs |
| 5550 Painted Mirage Road, Suite 320 | *J. Mark Lane and James Sears* |
| Las Vegas, Nevada 89149 | 1751 Pinnacle Drive, Suite 1000 |
| (615) 955-4306 | Tysons, Virginia 22102 |
| cwi@fpcafhq.org | T: (703) 590-1234 |
| | F: (703) 590-0366 |
| Adam J. Kraut, Esq.* | nrotsko@fluet.law |
| **SECOND AMENDMENT FOUNDATION** | e-file@fluet.law |
| Attorneys for Plaintiffs | |
| *J. Mark Lane and James Sears* | |
| 12500 NE 10th Place | |
| Bellevue, Washington 98005 | |
| (800) 426-4302 | |
| akraut@saf.org | |

*Admitted *pro hac vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

J. MARK LANE, et al.,

               Plaintiffs,

      v.                                      Civil Action No.:
                                                        7:22-cv-10989-KMK

STEVEN G. JAMES, in his official capacity as Acting
Superintendent of the New York State Police, and
SUSAN CACACE, in her official capacity as District
Attorney for the County of Westchester, New York,

               Defendants.
_____

## CERTIFICATE OF COMPLIANCE

      The undersigned hereby certifies that this brief complies with the word-count limit described in the United States District Courts for the Southern and Eastern Districts of New York Local Rules 6.3 and 7.1(c).  This brief contains 1,365 words.

| | |
|---|---|
| Cody J. Wisniewski, Esq.* | **FLUET** |
| **FPC ACTION FOUNDATION** | By:  */s/ Nicolas J. Rotsko* |
| Attorneys for Plaintiffs | Nicolas J. Rotsko, Esq. |
| *J. Mark Lane and James Sears* | Attorneys for Plaintiffs |
| 5550 Painted Mirage Road, Suite 320 | *J. Mark Lane and James Sears* |
| Las Vegas, Nevada 89149 | 1751 Pinnacle Drive, Suite 1000 |
| (615) 955-4306 | Tysons, Virginia 22102 |
| cwi@fpcafhq.org | T: (703) 590-1234 |
| | F: (703) 590-0366 |
| Adam J. Kraut, Esq.* | nrotsko@fluet.law |
| **SECOND AMENDMENT** | e-file@fluet.law |
| **FOUNDATION** | |
| Attorneys for Plaintiffs | |
| *J. Mark Lane and James Sears* | |
| 12500 NE 10th Place | |
| Bellevue, Washington 98005 | |
| (800) 426-4302 | |
| akraut@saf.org | |
| *Admitted *pro hac vice* | |