

(703) 590-1234 Tel
(703) 590-0366 Fax

1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
www.fluet.law

**VIA CM/ECF**                                                                July 28, 2026

Hon. Kenneth M. Karas
United States District Court
for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

     **Re:**   *Lane, et al. v. Cacace, et al.,* **Case No.: 7:22-cv-10989 (Karas, J.)**

Dear Judge Karas:

Plaintiffs write to apprise this Court of two recent developments. First, the Supreme Court recently granted certiorari in two cases addressing the constitutionality of so-called "assault weapons" bans. *See Viramontes v. Cook County*, No. 25-238; *Grant v. Higgins*, No. 25-566. *Grant* is, by a different name, one of the cases that were before the Second Circuit in its recent decision *National Association of Gun Rights v. Lamont*, 153 F.4th 213 (2d Cir. 2025). Therefore, while *NAGR* is binding Second Circuit precedent, *see* Pls.' Memo. ISO Joint Mot. for Reconsideration, Doc. 113 at 2–3 (Nov. 10, 2025), that decision is being reviewed by the Supreme Court in its next term.

Second, the Supreme Court's recent decision in *Wolford v. Lopez*, 609 U.S. ___, 2026 WL 1825723 (June 25, 2026), supports Plaintiffs' claims. In this Court's summary judgment decision, it addressed whether the banned arms are "in common use" as part of the "step one" plain-text inquiry, noting that this comports with how "[t]he overwhelming majority of courts" have treated the issue, and ultimately faulted Plaintiffs for "fail[ing] to carry their burden" on this issue. *See* Op. & Order, Doc. 99 at 15, 17 (Mar. 25, 2025) (citations omitted). The Second Circuit later placed it at the same point in the analysis. *See United States v. Gomez*, 159 F.4th 172, 177–78 (2d Cir. 2025). But *Wolford* shows that this was mistaken. It clarified that at the first step of the *Bruen* framework, the only predicate question with respect to "Arms" is do the laws at issue concern any "implement used for offense or defense." *Wolford*, 2026 WL 1825723, at *4, 6 (citation omitted). Any other questions, like whether an arm is in common use, is "out of place at *Bruen*'s first step. At that stage, … the question is simply whether a challenged law falls within the Second Amendment's 'plain text.'" *Id.* at *10 (citation omitted). As to that second step, *Wolford* further supports Plaintiffs' articulation of the test as it should be applied in this matter and the burden that the State bears, but cannot meet, here.



(703) 590-1234 Tel        1751 Pinnacle Drive, Suite 1000
(703) 590-0366 Fax        Tysons, VA 22102
                          www.fluet.law

Respectfully submitted,

Nicolas J. Rotsko

cc:    Counsel of record (*via CM/ECF*)