

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

---

July 29, 2026

**<u>Via ECF</u>**

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
Charles L. Brieant, Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

        Re:  <u>Lane v. Cacace</u>, No. 22 Civ. 10989 (KMK)

Dear Judge Karas,

This Office represents Steven G. James, sued in his official capacity as Superintendent of the New York State Police,[1] in the above-referenced action. I write in response to the Plaintiffs' letter filed yesterday, ECF No. 114, regarding recent activity at the Supreme Court. As Plaintiffs note, the Supreme Court has granted certiorari in <u>Viramontes v. Cook County</u>, No. 25-238, and <u>Grant v. Higgins</u>, No. 25-566, which concern similar assault weapons prohibitions. Although the outcome in <u>Viramontes</u> and <u>Grant</u> may impact this case depending on the Court's ultimate holding, a decision is unlikely to be announced prior to June of 2027.

As to Plaintiffs' characterization of <u>Wolford v. Lopez</u>, 146 S.Ct. 2032 (2026), their paraphrase of the Court's reasoning is incorrect: <u>Wolford</u> holds that the use of a given weapon remains part of the first step inquiry and part of the challenging party's burden. As the Court explained, the Second Amendment analysis "involves two steps." <u>Id.</u> at 2043. "First, a court must determine whether the law before it clashes with the 'plain text' of the Amendment's language," which involves "three subsidiary questions," including "does it concern any form of 'Arms,' *i.e.*, any weapon customarily used for offensive or defensive purposes?" <u>Id.</u> Only after this textual showing is made must "the relevant government . . . show that its challenged law did not infringe the historical understanding of the codified right." <u>Id.</u> at 2044. <u>Wolford</u> confirms that the customary use of a given weapon remains a part of the first, "plain text" step of the analysis. <u>Id.</u>

All parties agree that the Second Circuit's <u>NAGR</u> decision "requires judgment to be entered in favor of [New York and Westchester County]." ECF No. 107 at 1; <u>see also</u> ECF No. 109 at 1.

---

[1] The docket in this case lists former Acting Superintendent Dominick Chiumento as a defendant in this matter. Pursuant to Federal Rule of Civil Procedure 25(d), Superintendent James was "automatically substituted as a party" upon his confirmation to the position. Superintendent James respectfully requests that the case caption be updated to reflect the change.

Accordingly, the Superintendent respectfully requests that the Court grant the joint motion for reconsideration, grant Defendants' motions for summary judgment, deny Plaintiffs' motion for summary judgment, and grant such further relief as it deems just and proper.

Respectfully submitted,

James M. Thompson
Special Counsel
james.thompson@ag.ny.gov

cc:    Counsel for all parties (via ECF)