UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J. MARK LANE and JAMES SEARS,

*Plaintiff*,

v.

SUSAN CACAE, in her official capacity as District Attorney for the County of Westchester, New York, and STEVEN G. JAMES, in his official capacity as Superintendent of New York State Police,

*Defendants*.

No. 22-CV-10989 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On March 25, 2025, this Court denied the Parties' Motions for Summary Judgment. *See Lane v. Cacace*, No. 22-CV-10989, 2025 WL 903766 (S.D.N.Y. Mar. 25, 2025). The case was subsequently stayed on April 9, 2025, pending the Second Circuit's consideration of Connecticut's analogous assault weapons ban. (*See* Order (Dkt. No. 101).) On November 10, 2025, Plaintiffs J. Mark Lane and James Sears (collectively, "Plaintiffs") and Defendants Susan Cacae and Steven G. James (collectively, "Defendants") moved jointly for reconsideration of the Court's decision denying both Motions for Summary Judgment. (*See* Joint Mot. for Recons. (Dkt. No. 11).). On July 28, 2026, Plaintiffs submitted a letter to the Court providing it with a notice of supplemental authority. (*See* Letter from Nicholas J. Rotsko dated July 28, 2028 ("Rotsko NOSA Letter") (Dkt. No. 114).) On July 29, 2026, Defendants submitted a letter in response. (*See* Letter from James M. Thompson dated July 29, 2026 ("Thompson NOSA Letter") (Dkt. No. 115).) For the reasons below, the Action is stayed pending the Supreme Court's resolution of *Viramontes v. Cook County*, No-25-238, and *Grant v. Higgins*, No. 24-566.

In their supporting memoranda of law for the Motion for Reconsideration, the Parties acknowledge that this Court is bound by the Second Circuit's recent decision in *National Association for Gun Rights v. Lamont*, 153 F.4th 213 (2d Cir. 2025) ("NAGR"), which upheld a Connecticut assault weapons ban similar to the New York ban at issue in this case. (*See* Defs.' Mem. of Law. in Supp. of Mot. for Recons. ("Defs.' Mem.") 2) (Dkt. No. 112); Pls.' Mem. of Law. in Supp. of Mot. for Recons. ("Pls.' Mem.") 3 (Dkt. No. 113).) In the Rotsko NOSA letter, Plaintiffs alert the Court of two cases "addressing the constitutionality of so called 'assault weapons' bans, namely, *Viramontes v. Cook County*, No. 25-238 and *Grant v. Higgins*, No. 25-566, in which the Supreme Court recently granted certiorari. (Rotsko NOSA Letter 1.) Plaintiffs also correctly point out that *Grant* "is, by a different name, one of the cases that w[as] before the Second Circuit" in *NAGR*. (*Id.*) *See NAGR*, 153 F.4th at 227–228. Therefore, the Supreme Court decision in that case is likely to directly impact the present Action. In response, Defendants argue that while the grant of certiorari in related cases "may impact this case depending on the Court's ultimate holding," they are unlikely to be decided prior to June 2027 and thus should not impact the Court's ruling on the Motion for Reconsideration. (Thompson NOSA Letter 1.)

Although Plaintiffs have not formally moved to stay the proceedings pending the decisions in *Viramontes* or *Grant*, and instead merely noted in their letter that the *NAGR* decision "is being reviewed by the Supreme Court in its next term," the Court nonetheless concludes that this Action should be stayed pending the resolution of those decisions at the Supreme Court. *See Republic of Kazakhstan v. Chapman*, 585 F. Supp. 3d 597, 609 (S.D.N.Y. 2022) (noting "[w]here no party has requested a stay, the Court has discretion to stay or to dismiss the action");

*see also Ruggieri v. Boehringer Ingelheim Pharm., Inc.*, 06-CV-1985, 2012 WL 1521850 (D. Conn. Feb. 24, 2012) (holding that a stay pending the Supreme Court's decision in an independent case was in the interests of justice where the Supreme Court's ruling could potentially conclude the case.); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619-22 (S.D.N.Y. 2012) (granting a stay pending the outcome of a Supreme Court case and noting that "a court may also properly exercise its staying power when a higher court is close to settling an important issue of law").

The Clerk of the Court is respectfully directed to administratively stay this Action. The Parties are directed to inform the Court within seven days of the Supreme Court's resolution of *Viramontes v. Cook County*, No. 25-238 and/or *Grant v. Higgins*, No. 25-566.

SO ORDERED.

DATED: September 24, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE